# STRANGE v. POWELL.

1. The want of profert, in a declaration of the instrument sued on, could only be reached at common law by special demurrer, and, since the passage of the statute requiring all demurrers to be general, a defect, that before could be reached in no other way than by special demurrer, is cured, and cannot be assigned as cause of demurrer.

2. When pleas are pleaded in the court below by name merely, which the court, on motion of the plaintiff, orders to be stricken out, in the absence of any thing in the record, going to show, that form was waived, and the plaintiff here insists on the objection, this court cannot regard them as pleas, and will not reverse the action of the court below, although such pleas, if they had been pleaded in due form, might have constituted a bar to the action.

3. Where a statute creates a liability to pay money, and prescribes no particular form of action for its recovery, an action of debt is the appropriate remedy.

Error to the Circuit Court of Macon.    Before the Hon. N. Cook.

This was an action of debt, brought by defendant, against plaintiff in error, on an award, with the common counts. The defendant below demurred to the first and second counts of the declaration, for want of profert of the award, but the court overruled the demurrer.    He then pleaded as follows:

The defendant, in short by consent, pleads—1. The general issue.   2. The statute of limitations of six years, to each count.   3. The statute of limitations of three years, to each count.   4. Payment.   5. Set-off.

Issue was taken on the first, fourth, and fifth pleas, and a motion made to strike out the second and third pleas, which the court sustained.   After due proof of the award, the defendant proved that he paid it in February, 1839, and the plaintiff proved that the payment was made in the bills of the Wetumpka Trading Company.   The defendant asked the court to charge the jury, that if they believed the defendant paid the award between the 2d February and the 3d July, 1839, in the bills of the Wetumpka Trading Company, the plaintiff cannot maintain an action of debt for the amount of said bills.   The court refused to give the charge, and the defendant excepted.

The several rulings of the court, and the refusal to give the charge asked, are now assigned as errror.

J. E. BELSER and McLESTER, for plaintiff in error.

1. The demurrer to the declaration should have been sustained.   The first count is bad, because there is no profert of the award, and was therefore not binding on the defendant.   The second count, is also bad.   The award is not shown to have been in writing.   It is not averred, that the defendant had notice of the award, and there is no profert. Again, the declaration does not show, that the arbitrators were sworn, and the award does not settle all the matters in dispute between the parties.   The two half shares in the land, are not decided upon, as shown by the award, and it is therefore not binding.   Fisher v. Pembly, 11 East, 188;

Cargy v. Atcheson, 2 Barn. & Cres. 170; 6 Shep. 251; 13 Conn. 236.

2. The court erred in striking out the second and third pleas, pleaded to each count in the declaration, and in not putting the plaintiff on his demurrer, before they were stricken out. The award is not under seal, therefore the 16 years' statute (Clay's Dig. 327, § 81,) does not apply to it. The limitation which governs it is six years. Clay's Dig. 326, § 78. The award not being under seal, is like unto a witness certificate, or an ascertained item. Carlisle v. Reynolds, 9 Ala. 969; Drinkwater v. Holliday, 11 Ib. 134; Caruthers v. Kinkle, 3 Ib. 579; Smith v. Bank of Mobile, 7 Ib. 880. The common counts being added to the declaration, the two pleas stricken out might have become proper under the evidence.

3. The court should have given the charge asked for in the court below, on the whole of the testimony included in the bill of exceptions. Lowry v. Murrell, 2 Porter, 280; Whitlock v. Van Ness, 11 Johns. 409; Wiseman v. Lyman, 7 Mass. 286.

Rice & Morgan, contra.

1. Where the declaration is in debt, and contains a count upon an award, and all the common counts (by consent of the defendant,) it is not error for the court, on plaintiff's motion, to strike out what purports to be the second and third pleas, in the following words: "2. The statute of limitations of six years, to each count. 3. The statute of limitations of three years, to each count," especially when there is nothing to show that such pleas were by consent of plaintiff, taken in short, and where it is shown that the court refused "to require of plaintiff to file his demurrer to each of said pleas."

2. Although a demurrer admits the plea to be properly filed, and raises only the question of its sufficiency, yet no such admission is implied in a motion to strike out a plea.

3. When five pleas are filed, in short, and the plaintiff takes issue on the first, fourth, and fifth, and moves to strike out the second and third pleas, and where the primary court refuses to put the plaintiff to his demurrer to the second and third pleas, a revising court is bound to regard the plain-

tiff and the court below as refusing to recognize the names of pleas, for the pleas themselves—especially, when those pleas are the statutes of limitations.

4. The statute of limitations of Alabama, does not apply to actions of debt, on awards not under seal;—our statute does not apply to all actions of debt, without specialty, but such only as are grounded upon "any lending or contract." Jordan v. Robinson, 15 Maine Rep. 167; Hodsden v. Harridge, 2 Saund. Rep. 64.

5. The award in this case must be regarded as under seal. What is said as to sealing awards in the statute, is merely directory; and an award, otherwise unobjectionable, will not lose its effect merely because there is no seal attached to it. Price v. Kirby, 1 Ala. Rep. 184; Martin v. Chapman, Ib. 278; Wright v. Bolton, 8 Ib. 549, where the award was not under seal, but was held equally conclusive.

6. The evidence of plaintiff's son, was clearly admissible. It tended directly to identify the bills or notes, paid to his father, by the witness Davis, for Strange, as the bills or notes of the Wetumpka Trading Company—and to fix a liability on Strange, on account of passing off those bills to Powell, the plaintiff below. Chit. on Bills, 671, 9th Am. ed.; Strattan v. Hull, 3 Price, 253.

DARGAN, J.—This was an action of debt, brought upon an award. The defendant demurred to the declaration, and the court overruled the demurrer. The defect in the declaration is supposed to be, in not making profert of the award, and for this omission, it is contended the declaration is bad. We will not inquire whether this declaration would be defective, even if tested by the most rigid rules of pleading at common law; for it is certain, that the omission to make profert of a deed, or any other instrument declared on, could only be taken advantage of by a special demurrer. Minor's Rep. 123; Ib. 89. By statute in this State, all demurrers are general, and defects therefore in pleading, which could at common law be reached only by a special demurrer, are cured, and cannot now be assigned as causes of demurrer.

2. The second assignment of errors, controverts the propriety of the action of the court, in striking out the second

and third pleas. There were five pleas, pleaded in short, or by name. Issue was taken on three, and the plaintiff moved to strike out the second and third, which motion was granted. These pleas were, the statute of limitations of six years, and the statute of limitations of three years. It is contended by the defendant in error, that these pleas are insufficient in form, as well as in substance. The pleas are merely stated by name, and there was no obligation on the plaintiff to receive them as pleas; and there is nothing in the record from which we can infer, that he consented to consider them as pleaded in proper form. We know that the practice has prevailed in the circuit court, of pleading the usual pleas, merely by stating their name; and when no objection is made to the plea thus pleaded, we will not permit the objection to be first raised in this court. Abercrombie v. Mosely, 9 Porter, 145, and cases there cited. But when objections were made to such pleas in the court below, and are not waived here, we cannot consider them as pleas; nor pronounce, that the court erred in striking them out, even if they would have constituted a bar, if pleaded in due form.

3. Nor is there any error in the refusal of the court, to give the charge requested by the defendant. The testimony tended to show, that the defendant, in payment of the award, after the 2d of February, 1839, but before the 3d day of July then next following, transferred to the plaintiff, bills of the Wetumpka Trading Company. These bills were in the form of bank bills, and intended to pass as money, but the company was not chartered, nor authorized by law to exercise the privilege of banking.

The act referred to expressly declares, that if any person, after the 2d of February, 1839, and before the 3d of July thereafter, shall transfer any such bills, he shall be deemed, and taken as the indorser thereof, and shall be liable for the amount of such bill, or bills, without any demand being made of the company, or notice given to him who transferred them. Under this statute, the plaintiff had the right to bring an action of debt, to recover the amount of the bills of the defendant, if they were transferred by him to the plaintiff, after the enactment of the statute, and before it expired.

It is too well settled to be now controverted, that when a

statute creates a liability to pay money, but does not prescribe any remedy by which a recovery shall be had, debt is the proper remedy.  7 Porter, 282; 2 McLean's Rep. 195.

There is no error in the record, and the judgment must be affirmed.

CHILTON, J., not sitting.