Boylston v. Sherran.

---

# BOYLSTON *vs.* SHERRAN.

[ACTION UNDER CODE FOR BREACH OF SPECIAL CONTRACT.]

1. *Variance* —Under a complaint for the breach of a special contract, by which plaintiff agreed " to cut a canal, or ditch, three quarters of a mile long, twelve feet wide, and one and a half feet deep. more or less; the earth to be thrown on the east side of the ditch, making a dam or levee,"—a contract which binds him " to complete a canal, three quarters of a mile long, twelve feet wide, throwing the dirt on the east side, making a dam, or levee, one and a half feet deep, more or less; also, *to open the track,*" is not admissible evidence on account of the variance.

2. *Plea of non est factum in action on lost note, bond, &c.*—In an action on a lost " bond, note, bill of exchange, or other mercantile instrument," (Code, § 2151,) the defendant may take advantage of a variance between the instrument declared on and that offered in evidence, without a sworn plea of *non est factum.*

3. *What constitutes complaint.*—A memorandum at the bottom of the complaint, not signed by either the parties or their attorneys, in these words, " Common counts added by consent," is not sufficient to show that the common counts were treated as a part of the complaint.

4. *Joinder of causes of action, and assignment of breach.*—In an action on a special contract for the payment of money by the defendant in consideration of work to be done by plaintiff, a special breach is not necessary ; and if such breach be assigned, the common counts may nevertheless be added.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JOHN E. MOORE.

THE complaint in this case was as follows :

"Michael Sherran, sr., ⎫ The plaintiffs claim of the
Michael Sherran, jr., ⎪ defendant $460, for the breach
       vs. ⎬ of an agreement, entered into
Joseph C. Boylston. ⎭ by him on the 28th, June, 1854,
in substance as follows: 'June 28th, 1854. Contract be-
tween Joseph C. Boylston on one part, and Michael Sher-
ran of the other part : The said Sherran agrees to cut a
canal, or ditch, three quarters of a mile long, twelve feet
wide, one foot and a half deep, more or less; the earth to
be thrown on the east side of the ditch, making a dam or
levee. The said Joseph C. Boylston agrees to pay said
Michael Sherran $460 when the job is completed. In
witness whereof, we have hereunto set our hands and
seals.' (Signed) 'Joseph C. Boylston, Michael Sherran,
Michael Sherran.' Yet, although the plaintiff has com-
plied with all its provisions on his part, the defendant has
failed to comply with the following provisions thereof :
he has failed and refused to pay the said plaintiffs the
said sum of $460, according to his agreement, on the
completion of said job of work. Plaintiffs claim interest
on said sum of money, from the 20th May, 1855."

"SEALS & COX,"<br>
" att'ys for pltffs."

At the bottom of this complaint, as copied into the
transcript, is a memorandum in these words, " Common
counts added by consent ; " which is not signed by any one.

The action was commenced on the 15th September,
1855. Accompanying the complaint was an affidavit,
made and subscribed by both of the plaintiffs on the 26th
May, 1855, to the effect that the contract, as set out in the
complaint, "is a copy of an original instrument which
they had in their possession, as their property; that the
same has been lost, and has not been paid or otherwise
discharged; and that the said amount in the said instru-
ment is still due to them." The only plea was the gen-
eral issue, upon which issue was joined. On the trial,
after reading their complaint and affidavit, the plaintiffs
offered in evidence an admitted copy of the original con-

tract between them and the defendant, which was in these words:

" 28th June, 1854. A contract between J. C. Boylston on the one part, and Michael Sherran on the other: The said Sherran agrees to complete a canal ¾ mile long, 12 feet wide; throwing the dirt on the east side, making a dam or levee 1½ feet deep, more or less; also, to open the track; for $460, to be paid by J. C. Boylston at the completion of said job. In witness whereof, we set our hands and seal." (Signed by the three parties.)

The defendant objected to the introduction of this contract, on the ground that it was variant from the contract declared on. The court overruled the objection, because the defendant had not interposed a sworn plea, denying the execution or contents of the instrument as set out in the complaint; to which the defendant excepted, and which he now assigns as error.

PUGH & BULLOCK, for the appellant.—1. There was a fatal variance between the contract declared on and that offered in evidence.—McLendon v. Godfrey, 3 Ala. 181; May & Bell v. Miller & Co., 27 Ala. 515; 4 Texas, 85; 9 N. H. 304; 12 N. H. 52.

2. There was but one count in the complaint. The record does not show that the common counts were added, nor could they have been added without making the complaint demurrable.

3. The instrument sued on is not within the terms of the statute (Code, § 2151) requiring a sworn plea of *non est factum;* nor would such plea have been necessary, even if the case were within the statute, to enable the defendant to take advantage of a variance.

MARTIN, BALDWIN & SAYRE, *contra,* contended,—1st, that there was no substantial variance between the contract set out in the complaint and that offered in evidence; 2d, that the contract was admissible under the common counts, if not under the special count; and, 3d, that a sworn plea was necessary, under section 2151 of the Code,

to enable the defendant to deny the execution or contents of the contract declared on.

WALKER, J.—The contract described in the complaint is *certainly* different from that given in evidence, in that the latter requires the plaintiffs "*to open the track*," and makes that one of the duties for the discharge of which the defendant was to pay four hundred and sixty dollars, while the former makes no such exaction. If by opening the track the parties meant cleaning off the ground where the ditch was to be dug, we can not say that the duty, required in the contract described, of *cutting the ditch*, included the cleaning off the ground, or opening the track. They are distinct acts, and the parties might well contract for the performance of both acts. The contract described, therefore, omitted one of the terms contained in the contract given in evidence, and the latter was variant from the former.

2. It is manifest that section 2151 of the Code is designed to create a presumption of "*the loss, destruction and contents*" of the written instrument described in the complaint, and not of another and different instrument. The court could not, under that statute, allow a recovery upon a different contract from that described, because the plaintiffs had made an affidavit, which accompanied the complaint, "*of the loss, destruction and contents*" of the instrument sued upon.

3. The common counts are not a part of the complaint. They are not mentioned, except in a memorandum, following the complaint in the transcript, in the following words: "Common counts added by consent." These words are not signed by the parties, or counsel; and there is nothing in the record which will authorize us to infer that they were by consent regarded as standing in the place of the common counts, or that they were treated as indicating in any manner a part of the complaint. Strange v. Powell, 15 Ala. 452. We can not look to those words, in determining what was the complaint; and are constrained to hold, that it contains only the special count.

The evidence, being inadmissible under the only count in the complaint, should have been excluded; and for the error in admitting it, the judgment must be reversed, and the cause remanded.

4. The contract on the part of the defendant was for the payment of money by him, and was not one upon which it was necessary to assign a special breach. Therefore, section 2235 is not in the way of a joinder of the common counts with the count on the contract. It will be competent, on the return of the cause to the circuit court, for the complainant, with the permission of the court, to amend the complaint, so as to make the special count correspond with the facts; and also, if desired, to add the appropriate common counts.

The judgment is reversed, and the cause remanded.