## Stewart & Co. v. Sonneborn.

*Action on Judgment and Account for Goods sold and delivered.*

1. *Joinder of counts in complaint.* — A count on a judgment may be joined with a count on a simple contract, though both relate to the same indebtedness.

2. *Amended complaint; filing, and signature of counsel.* — When an amendment of the complaint is allowed by the court, it is not necessary that it should be marked " filed " by the clerk, nor that it should be signed by counsel.

3. *Abstract charge ; charge referring question of law to jury.* — A charge which is abstract, or which refers to the jury the decision of a question of law, is erroneous.

4. *Notice of dissolution of partnership.* — The usual and proper mode of giving notice of the dissolution of a mercantile partnership (which is a question of law), is by public advertisement, or by letters to the customers; but prior customers must be informed, or the means of knowing the fact must be such that they ought to have known it.

5. *Notice to agent.* — To charge the principal with notice of the dissolution of a mercantile partnership, because notice was given to his agent, it must be shown that the agent was authorized to represent his principal in that particular.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by A. T. Stewart & Co., against Meyer Sonneborn, and was founded on two judgments which said plaintiffs had recovered in the Superior Court of New York city, against E. Leipzeiger & Co. ; one in June, 1867, and the other in August, 1869. The original complaint contained only two counts, one on each judgment; but, by leave of the court, against the objection of the defendant, several other counts were added for goods sold and delivered, and on an account stated, these being for the original indebtedness on which said judgments were founded. On the trial, the defendant objected to the additional counts being read to the jury, because they were not marked " filed " by the clerk, and were not signed by the plaintiffs' counsel ; and he reserved exceptions to the overrulings of his objections. The defendant pleaded the general issue, the Statute of Limitations, and several special pleas, which were sworn to, and which averred, in substance, that he had no personal notice of the rendition of the judgment, and was not a partner in the firm of E. Leipzeiger & Co., either at the time the said judgments were rendered or at the time the accounts were contracted by the said firm ; and issue was joined on these pleas.

[Stewart *v.* Sonneborn.]

The defendant had been a partner in the firm of E. Leipzeiger & Co., which carried on a mercantile business in the city of New York, and bought goods on a credit, at various times, from the plaintiffs in that city; but he withdrew from that house in April, 1866. The accounts sued on were contracted after that time, and prior to April, 1867, and the principal question in the case was, whether the plaintiffs had notice of the defendant's withdrawal from said firm before the sale of the goods. On this point, the plaintiffs read in evidence the deposition of Benjamin C. Hardenbrook, who testified as follows: "I resided in the city of New York in January, February, March, April, May, and June, 1867, and was engaged in the employment of the plaintiffs, in their credit department. I had charge of that department, under the supervision of Mr. William Libbey, investigating the pecuniary condition and responsibility of parties applying for the purchase of goods on a credit. . . . . The first knowledge I had of the dissolution of the firm of E. Leipzeiger & Co. was on the 19th March, 1867, when Meyer Sonneborn incidentally remarked to John F. Alden, an employee in my office, that his firm of E. Leipzeiger & Co. dissolved in April, 1866. Mr. Allen took down the statement in writing at the time, and handed it to me. On the 6th April following, Mr. E. Leipzeiger also verbally notified the plaintiffs that the partnership was dissolved. He stated this to Mr. John D. Wilson, who occupied the same desk with me, sitting directly opposite. Mr. Wilson made a written memorandum at the time, and handed it to me, and it was copied on the books. All notices of dissolution, or changes in partnerships, to the plaintiffs, whether in writing or verbal, were, and have been for several years, and during the period inquired of, reported to me at the time; and no knowledge of dissolution, except as above stated, was ever received by plaintiffs, to my knowledge. If any other notice had been received by them, I must have known it; there was no other place for it to go." The testimony of said William Libbey, John D. Wilson, and John F. Alden, whose depositions were also read in evidence by the plaintiffs, was substantially the same as that of Hardenbrook.

The defendant testified in his own behalf, as follows: "Witness withdrew from the house of E. Leipzeiger & Co. on the 16th April, 1866. About two weeks afterwards, witness went to the plaintiffs' store in New York, and, as he entered the door, a person whose name is not known to him, but who was recognized by him as one of the salesmen belonging to the house, came to witness and asked if he could do anything for him. Witness replied that he did not wish to purchase any goods, but had called to notify the house that he had with-

[Stewart *v.* Sonneborn.]

drawn from the firm of E. Leipzeiger & Co. This was the only notice witness ever gave to plaintiffs of his withdrawal from said firm at that time. The withdrawal of witness from said firm was generally known in the city of New York at the time of said withdrawal and afterwards. No publication of the dissolution of the firm was made in the newspapers, nor were any printed or written circulars sent to the parties with whom said firm had dealings prior to its dissolution ; but witness went around in person to the different houses with whom said firm had traded, and notified them verbally of his withdrawal from said firm, two weeks after said withdrawal." There was other evidence also in the case, all of which is set out in the bill of exceptions.

On this evidence, the court charged the jury, at the request in writing of the defendant, as follows : " If the jury believe, from the evidence, that the defendant withdrew from the firm of E. Leipzeiger & Co. in April, 1866, actually and in good faith, and that he did what was usual and proper to give notice to plaintiffs of such withdrawal, before the accounts sued on were contracted, then the defendant is not liable in this suit, under the evidence in the case, although plaintiffs had no actual notice of defendant's withdrawal. If the jury find, from the evidence, that the plaintiffs, or any one of their authorized agents, had actual notice of the defendant's withdrawal from the firm of E. Leipzeiger & Co., prior to the time when the accounts sued on were created, then they must find for the defendant. Under the proof in this case, the jury alone can determine the question of agency ; and if they find, from the evidence, that any authorized agent of the plaintiffs in their mercantile business had notice of the defendant's withdrawal from the said firm, prior to the time when the accounts sued on were created, then the plaintiffs cannot recover in this suit. And if the jury find, from the evidence, that the plaintiffs had notice in any way that the defendant was not a member of the said firm, at the time the accounts sued on were created, then they must find for the defendant." To these charges, and to each one of them separately, the plaintiffs excepted, " and asked the following charge, in rebuttal, to wit, ' that when a partner retires from a firm, notice is usually and properly given by public advertisement, or letters to the customers of the firm, or both ; ' which charge was given by the court."

All the rulings of the court to which, as above stated, exceptions were reserved by the plaintiffs, are now assigned as error.

SHORTER & BROTHER, and JOHN COCHRAN, for appellant.

[Stewart v. Sonneborn.]

S. H. DENT, *contra.*

B. F. SAFFOLD, J. — The amendment of the complaint by the addition of other counts was within the discretion of the court, and was properly allowed. A count on a judgment may be joined with a count on a simple contract. *Prater* v. *Miller*, 25 Ala. 320; *Boylston* v. *Sherron*, 31 Ala. 538; 13 Johns. R. 462; 1 Chit. Pl. 200; Revised Code, § 2637.

2. The clerical superscription of the word "filed" on the amendments to the complaint would have been no more than the evidence of the clerk, given in that way, of the filing. When they were allowed, and became incorporated into the complaint, they were as much filed as the original. So of their being signed by the plaintiff's counsel.

3, 4. The important issue is, whether the plaintiffs had knowledge of the defendant's withdrawal from the partnership of E. Leipzeiger & Co., when the debts sued for were contracted by that firm. The court charged the jury, at the instance of the defendant, that he was not liable if he had done "what was usual and proper" to give notice to the plaintiffs. Afterwards, at the request of the plaintiffs, it was charged that the usual and proper mode of giving notice was by public advertisement, or by letters to the customers. The evidence showed that by neither of these modes had communication been made to the plaintiffs. Whether from the facts proved they believed the plaintiffs were informed of the dissolution, was the province of the jury. What acts would constitute the usual and proper mode of giving notice, was a question of law. The error of the first charge was not cured by the subsequent explanation. The former was abstract, as well as a conclusion of law, inasmuch as the evidence disproved it. The latter is not correct in its application to this case. Prior customers must be informed, or the means of knowledge must have been such that they ought to have known. Parsons on Partnership, 412.

5. The court further charged that the plaintiffs could not recover, if they, or "any one of their authorized agents," had notice; or if "any authorized agent of the plaintiffs in their mercantile business," had notice. The strongest evidence of notice to an agent was, the defendant himself went into the storehouse of the plaintiffs, and told a person whose name was unknown to him, but whom he recognized as one of the salesmen belonging to the house, and who asked him if he could do anything for him, that his connection with Leipzeiger & Co. had been dissolved. The plaintiffs' house employed a very large number of persons in various capacities. There can be no agency without authority. An agent is the representative

of his principal only in the matters pertaining to his agency. It was incumbent on the defendant to prove the authority of the agent to whom he gave the information to represent his principals in that particular. The third and fourth charges were erroneous. *Grant* v. *Cole & Co.* 8 Ala. 519 ; Story on Agency, §§ 140, 451.

The judgment is reversed, and the cause remanded.