GEORGE F. VIETOR & others *vs.* CHARLES E. SPALDING
& others.

Suffolk.    March 25, 1908. — May 20, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Attorney at Law.    Agency.    Partnership.*

An attorney at law, who is retained generally by a client to render such services as the client may need from time to time, is not the agent of such client to receive notice of the withdrawal of one of the members of a firm to whom the client is about to sell goods, where the attorney at the time he receives the information is not acting for the client in any way and does not know that such client has any business relations with the firm, and does not learn of such relations until after the client has sold the goods to the firm ; so that, in an action for the price of the goods sold and delivered brought by the client against the members of the firm including the retiring partner, such knowledge of the attorney is no evidence of notice to the client of the withdrawal of the partner from the firm.

In an action for the price of goods sold and delivered against the members of a partnership including as an ostensible member one who had retired from the firm before the goods were purchased, it is no evidence of notice to the plaintiff of the withdrawal of this partner *from the firm* that an attorney at law, who was retained generally by the plaintiff to render such services as the plaintiff might need from time to time but who had no knowledge of the sale of the goods by the plaintiff to the defendants, said a few days after the date of the sale of the first item of goods in the plaintiff's account, that all the creditors knew that the retiring partner was out, how he got out and when he got out, for, even if this statement has been admitted without objection instead of being excluded as hearsay, it is too indefinite to show any notice to the plaintiff of the withdrawal of the partner, where there is *nothing* to show that the attorney at law in speaking generally of the knowledge of creditors had had any reason to suppose that the plaintiff was among the creditors or that he referred to the plaintiff in any way in making the statement.

KNOWLTON, C. J.    This is an action to recover for merchandise sold by the plaintiffs to the defendant firm.    The sale and delivery of the goods were admitted, and the only defense was by the defendant Atwood, who had ceased to be a member of the firm before the goods were sold.    No notice of the dissolution of the partnership was given to the plaintiffs, and the defense was put entirely upon the contention that they had knowledge of it, or were charged with notice of it through the knowledge of Mr. Knowlton, their attorney.    The jury found for the defendant.    The only exception before us is to the refusal

of the judge to direct a verdict for the plaintiffs, and the question is whether there was evidence to warrant a finding that the plaintiffs had notice, or were chargeable with notice, that Atwood had ceased to be a member of the firm before the goods were sold.

There was no evidence of notice to either of the plaintiffs personally. It was shown that Mr. Knowlton had knowledge of the change, and the only issue submitted to the jury was whether he was in the employ of the plaintiffs as their attorney in 1900, and before the sales in question, when he acquired knowledge of the withdrawal of Atwood from the firm.

There was evidence that he had been employed by the plaintiffs as their attorney more or less, for years. One of the defendants, testifying on this point, said that he knew that Mr. Knowlton was the plaintiffs' attorney in Boston, but he did not mean by that any more than that " whenever they required any legal services, he was their lawyer, and when they did not, he was not their lawyer." The defendant Atwood testified that the plaintiff Vietor " told him that Mr. Knowlton had always been their attorney for many years, that Vietor did not tell him in any form of words that Mr. Knowlton was under a continuous retainer from the plaintiffs," and that he drew an inference from this general statement that Mr. Knowlton was continuously their attorney. This was the strongest evidence in the case for the defendant. Mr. Knowlton testified that he never had a continuous retainer from the plaintiffs, that any little legal matters which came up would be brought to him and disposed of, and that when each matter was concluded there was no continuing relation between him and the plaintiffs as attorney and clients. The testimony relied on by the defendant Atwood is not necessarily inconsistent with this. But if given its greatest effect, it means no more than that Mr. Knowlton was continuously retained to render, as a lawyer, such services as the plaintiffs might at any time need. It does not appear that the knowledge that he gained of Atwood's withdrawal from the firm had any relation to the business in which he was at any time employed by the plaintiffs. His employment as a lawyer did not impose upon him the duty to act as the general manager of their business in Boston, in the matter of determining to whom

credit should be given. There is nothing to indicate that he ever knew that they were dealing with these defendants in any way, until a long time after the sale of the goods for which the plaintiffs now seek to recover. If he had been employed to ascertain in advance who were parties to whom credit might safely be given, and who were the responsible members of firms, they would have been bound by his knowledge on this subject. But a general retainer to do business as an attorney at law does not include this kind of service. So far as appears, there was no more reason for his informing the plaintiffs of the change in the membership of this firm when he first knew it than for his giving such information in regard to any other firm in Boston in which they had no interest. The notice that came to him was not in reference to anything that he had been employed to do. Nothing had been done to extend the relation of attorney and client to any subject with which the notice was connected, or to which it in any way pertained. For this reason the plaintiffs are not chargeable with his knowledge. *Atchison, Topeka & Santa Fe Railroad* v. *Benton,* 42 Kans. 698, 707. *Stewart* v. *Sonneborn,* 49 Ala. 178. *Westfield Bank* v. *Corwin,* 37 N. Y. 320, 323. *Bierce* v. *Red Bluff Hotel Co.* 31 Cal. 161. *Wittenbrock* v. *Parker,* 102 Cal. 93. *Wyllie* v. *Pollen,* 3 De G., J. & S. 596, 601. *Haven* v. *Snow,* 14 Pick. 28, 33. *National Bank of Grafton* v. *Babbidge,* 160 Mass. 563, 565. Mechem on Agency, § 718, and cases cited. 1 Clark & Skyles on Agency, 1042–1048. 2 Clark & Skyles on Agency, 1372–1374, and cases cited.

The only other testimony on which the defendant Atwood relies is his statement, denied by Mr. Knowlton, that about March, 1900, which was only a few days after the sale of the first item of goods in the plaintiffs' account, Mr. Knowlton said, " All the creditors knew I [Atwood] was out, how I got out and when I got out." The defendant has not argued the grounds of his reliance on this statement, but if it is of any consequence, it is as evidence of the truth of the assertion. At most, it was merely a declaration, and if objection had been made, it could not have been considered as evidence of the truth of the matters asserted in it. But assuming that the jury might consider it because it was before them without objection and without a request for instructions in regard to it, we think it is too indefinite to aid the defendant.

The plaintiffs' bill of particulars shows a credit of thirty days, which had not expired when the declaration was said to have been made. The action was not brought until two and one half years afterwards. It does not appear that Mr. Knowlton had any knowledge then, or until long afterwards, that the plaintiffs were creditors, or had ever been creditors of the defendants. We have no reason to think that there had ever been any delay in the payment of their bills as they became due, or that the plaintiffs had ever had any occasion to inform Mr. Knowlton that they had sold goods to the defendants. It is to be remembered that he was retained only as a lawyer, to do business which the plaintiffs might bring to him in that capacity. There is nothing to show that, when he was speaking generally of the knowledge of creditors, he had any reason to suppose that the plaintiffs were among the creditors, or that he referred to them in any way in making this statement. The declaration, if he made it, is not enough to warrant the jury in finding that these plaintiffs had knowledge of the change in the defendants' firm.

*Exceptions sustained.*

The case was submitted on briefs.

*W. A. Knowlton & S. H. Tyng*, for the plaintiffs.

*W. F. Kimball*, for the defendant Atwood.