GEORGE F. VIETOR & others *vs.* CHARLES E. SPALDING
& others.

Suffolk.    March 23, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Partnership,* Notice of retirement of partner.  *Notice.  Agency,* Undisclosed.  *Attorney at Law.*

Where one copartnership, which has been selling merchandise for several years to another copartnership, adds new members to its firm without giving any notice to the buying copartnership, and subsequently one member of the buying copartnership retires by agreement and no notice is given to the selling copartnership, which a year after such retirement gives to the buying copartnership notice of the additions to its firm and then continues to sell goods to the buying copartnership and in so doing relies in part upon the credit of its retired partner, such retired partner is liable with his former copartners for the purchase price of such goods, and, if it was not known to the retired partner who were the members of the selling copartnership, such fact does not affect his liability.

The decision reported in *Vietor* v. *Spalding,* 199 Mass. 52, to the effect that an attorney at law who is retained generally by a client but, at the time of his receiving notice of the dissolution of a partnership with which his client has business dealings, is not acting on behalf of his client in any matter, has no authority to receive such notice on behalf of his client, affirmed.

CONTRACT upon an account annexed for merchandise alleged to have been sold to the defendants by the plaintiffs.  Writ in the Municipal Court of the City of Boston dated September 17, 1902.

The case was previously before this court, when it was held in a decision reported in 199 Mass. 52, that, upon the evidence introduced at a previous trial, a notice to W. A. Knowlton, Esquire, was not a notice to the plaintiffs of the withdrawal from the defendants' firm of the defendant Atwood.

The case was tried again before *Pierce,* J.  Besides the facts stated in the present opinion, it appeared that the sales of goods for which recovery was sought occurred at various times between February 21, 1900, and August, 1900, and that the two firms or their predecessors had had business relations since 1894.

As to the notice referred to in the third question to the jury, the bill of exceptions states : " The plaintiff firm on the first of January, 1898, took into copartnership two new members, to

wit: Thomas F. Vietor and Thomas Schmidt. The plaintiffs gave no notice to the defendant Atwood, to the public nor to C. E. Spalding & Company of this admission of these two partners, nor had they any knowledge thereof except that a written notice was put in evidence given on January 2, 1900, that Schmidt and Thomas F. Vietor were admitted to the plaintiff firm on January 2, 1900, which contained their authorized firm signatures. This was a year after the retirement of Atwood from the defendant firm, and more than a month before the plaintiff began the sale and delivery of the goods sued for."

The following questions were submitted to the jury by the presiding judge, and answered by them:

"1. Did Atwood retire from the firm of C. E. Spalding and Company on January 1, 1899, or July 1, 1899?" Ans. "January 1, 1899."

"2. Did the plaintiffs rely upon the responsibility of Atwood with the other partners of C. E. Spalding and Company in giving credit to the firm of C. E. Spalding and Company?" Ans. "Yes."

"3. Did Atwood or C. E. Spalding and Company ever receive any notice of the admission of Thomas Schmidt and Thomas F. Vietor to the firm of Vietor and Achelis prior to the written notice dated January 2, 1900?" Ans. "No."

"4. Were Thomas F. Vietor and Schmidt admitted to the plaintiff firm in 1898 or 1900?" Ans. "In 1898."

The defendants stipulated that the plaintiffs would "not be put to proof of sale and delivery and value of the items set forth in their declaration." The presiding judge thereupon ordered a verdict for the plaintiffs; and the defendant Atwood alleged exceptions.

*W. F. Kimball*, for the defendant Atwood.

*W. A. Knowlton & S. H. Tyng*, for the plaintiffs, submitted a brief.

BRALEY, J. The defendant Atwood, being a member of a mercantile partnership composed of himself and the other defendants, to which from time to time the plaintiff firm sold merchandise in the usual course of trade, withdrew therefrom without giving to them notice of his retirement. In ignorance of his withdrawal, the plaintiffs, having sold goods to Atwood's

former associates by whom the business was continued without any external change, seek in this action to hold him liable for the price jointly with them. It may be assumed that, before the change the plaintiffs transacted business with the firm on the faith of having Atwood's credit to look to in payment of debts. If commercially bound by the firm name while a member, he remained bound under the same designation until the plaintiffs, who in good faith dealt with the apparent partnership, had been actually notified of his retirement. *Stimson* v. *Whitney*, 130 Mass. 591. *Elkinton* v. *Booth*, 143 Mass. 479.

In bar of this liability it is urged first that before the present indebtedness was contracted the constituency of the plaintiff firm had been changed by the admission of new members, and that, as Atwood was not then a member of the defendant firm, he could not be held, because credit could not have been extended on the strength of his membership. But the plaintiff firm had undergone no internal transformation which destroyed its rights as a creditor, for in contemplation of law this defendant still held himself out as associated with his former partners. Nor was he exonerated even if uninformed of this change. A partnership like any undisclosed principal may enforce in the name of its members the collection of bills receivable, even if the contract was made by one of their number. It is no defense that they were unknown to the debtor, or that he was ignorant of the firm title or existence, although where the business of the firm has been ostensibly conducted in the name of one of the partners, the debt or claim, for purposes of set-off, recoupment, and payment, may be treated as his sole property. *Wood* v. *O'Kelley*, 8 Cush. 406. *Scott* v. *McKinney*, 98 Mass. 344, 348. *Wright* v. *Herrick*, 125 Mass. 154. Upon the evidence the defendants traded with the plaintiff partnership as it then was constituted.

It is urged next that the plaintiffs should be held chargeable with notice of the withdrawal, because of the knowledge of this fact by Mr. Knowlton, an attorney at law, who at the time was acting as their general counsel. But as to this issue a full examination of the record shows that the testimony in all essential particulars is the same as at the former trial where it was decided that the knowledge of the attorney was not binding

on the plaintiffs, as he was not their agent for this purpose. *Vietor* v. *Spalding*, 199 Mass. 52.

The defendant's liability having been established by the answers returned by the jury to the questions submitted to them, a verdict for the plaintiffs was ordered rightly.

*Exceptions overruled.*