58 So.2d 120

### GRIEF v. CITY OF HOMEWOOD.
### 6 Div. 309.

Supreme Court of Alabama.
April 3, 1952.

Wm. S. Pritchard, Victor H. Smith and Pritchard & McCall, all of Birmingham, for appellant.

Irvine C. Porter, Birmingham, for appellee.

STAKELY, Justice.

City of Homewood (appellee), a municipal corporation, filed its petition in the Probate Court of Jefferson County to condemn certain lands of Alice F. Grief (appellant), lying in Jefferson County, under the provisions of Chapter 1, Title 19, Code of 1940. She retained attorneys to represent her in the proceeding. On September 1, 1949 the commissioners who had been appointed made an award to appellant in the amount of $17,500. No appeal was taken from the award. On February 28, 1950, the City of Homewood paid the court costs in the proceeding but never paid the damages so awarded to the appellant.

The City of Homewood having failed for more than six months to pay into court the amount of the award to her, the appellant filed in the proceedings in the probate court her petition, in which she alleged the filing of such proceedings against her for the condemnation of her lands, her employment of attorneys to represent her and the services rendered by them and also alleged expenses in the employment of competent persons to view the premises, assemble the facts and to testify as to the value of the land sought to be taken, alleging an expense in addition to the employment of attorneys in towit the sum of $100, a reasonable attorney's fee being alleged in the amount of $750.

The prayer of the petition was in substance that the court determine and fix the amount to be paid to petitioner as a reasonable attorney's fee to compensate the attorneys employed by her for the services so rendered and also to fix and determine the amount to which she was entitled as reimbursement for the costs of employing appraisers, witnesses and that judgment be rendered in favor of petitioner (appellant) against the City of Homewood. The prayer was also for alternative relief.

The City of Homewood filed pleas in abatement, showing in substance that there was no authority of law for hearing and determination by the court of the liability of damages by the City of Homewood and that the court was without jurisdiction to hear and determine the petition. The petitioner demurred to the pleas in abatement filed by the City of Homewood. The probate court overruled the demurrers to the pleas in abatement and dismissed the petition. From the foregoing judgment the petitioner (appellant) appealed to the Circuit Court of Jefferson County. Demurrer was interposed in the circuit court by the City of Homewood to the petition as or-

iginally filed. Alice F. Grief made a motion to strike the demurrer which was overruled and thereupon the court in effect sustained the ruling of the probate court and taxed the costs both in the probate court and in the circuit court with reference to the petitions against the landowner (petitioner Alice F. Grief), 'but without prejudice to her to file her suit for the matters involved in a court of competent jurisdiction." An agreed statement of facts was filed in the circuit court which showed in substance the facts as alleged in the petition as aforesaid.

Section 25, Title 19, Code of 1940 reads as follows.

"The applicant may pay the damages and compensation assessed at any time within six months after the assessment thereof, or, in case an appeal is taken, within six months after the appeal is determined; but if he fails to pay the same within such time, such assessment shall cease to be binding on the owner of the lands or other party interested therein, and the rights of the applicant thereunder shall determine; and, upon such failure, the applicant shall be liable to the owner or other party for all damages the latter may have sustained by the institution of such proceedings, including a reasonable attorney's fee for defending the same."

So, in substance, a situation is presented where the applicant to condemn lands has failed to pay the compensation awarded within six months and the landowner by petition in the probate court is seeking to enforce the liability for damages, including a reasonable attorney's fee, under § 25, Title 19, Code of 1940. So the question is presented as to whether such liability can be established by petition or requires a plenary suit by the owner to collect the damages provided by the statute.

There is some discussion in appellant's brief as to whether the appeal from the probate court to the circuit court was under § 17, Title 19, Code of 1940 or under § 775, Title 7, Code of 1940. Since counsel do not appear to think that the method of procedure is important, and the question for decision is presented, as stated, we shall not comment further on the procedure.

In § 25, Title 19, Code of 1940, it is provided that the applicant must pay the award in six months or his rights under the application determine. It is further provided that on such failure the applicant shall be liable to the owner for all damages the latter may have sustained by the action, including a reasonable attorney's fee for defending the same. Obviously there is created a statutory liability to the owner for damages, including the amount of a reasonable attorney's fee. Section 25, Title 19, Code of 1940, however, is silent as to the method of enforcing the liability and prescribes no particular form of action for its recovery. Nor does it specify a tribunal in which the liability should be adjudicated.

In the case of City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467, 471, this court said:

"The theory is that when a statute creates a liability to pay money and prescribes no particular form of action for its recovery, an action of debt is the appropriate remedy. Strange v. Powell, 15 Ala. 452; Blackburn v. Baker, 7 Port. 284, 290; 26 C.J.S., Debt, Action of, § 2(9)."

Upon due consideration we consider that the action of the lower court was correct and that its judgment should be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.