Bobby Ray Williams and Melissa S. Williams appeal from a summary judgment in favor of John Kenneth Deerman on their claims for reimbursement of attorney fees and costs incurred during their defense of a private condemnation action. We reverse and remand.
In 1988, Deerman filed a complaint in the Probate Court of Bibb County, seeking a right-of-way easement across the Williamses' lands, pursuant to § 18-3-1 et seq., Ala. Code 1975. The probate court granted a right-of-way easement to Deerman, and the Willamses appealed to the Circuit Court of Bibb County. That court entered a judgment condemning a right-of-way across the Willamses' lands and directed Deerman to pay the Williamses $7,000 for their "damages and compensation." On August 2, 1991, this court rendered an opinion affirming the circuit court's judgment (Williams v. Deerman, 587 So.2d 381 (Ala.Civ.App. 1991)), and issued a certificate of judgment on August 22, 1991.
It is undisputed that Deerman did not pay any portion of the $7,000 judgment until May 1995, when he paid that sum to the clerk of the circuit court. The Williamses thereafter moved to set aside the judgment of condemnation, alleging that the lapse of time barred Deerman from acting on the judgment. The circuit court agreed with the Williamses, and on June 28, 1995, found enforcement of its condemnation judgment to be "barred by laches or otherwise barred by the untimeliness and acts of [Deerman] in failing to timely tender . . . the judgment amount . . . required to perfect" its judgment. The circuit court further directed the clerk to refund Deerman's $7,000. No appeal was taken from this order.
On January 31, 1996, the Williamses initiated this action against Deerman, seeking reimbursement of their costs and attorney fees arising from the condemnation action. Deerman answered and filed a counterclaim *Page 20 
under the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq.
The parties then filed cross-motions for a summary judgment on the Williamses' claims. Both parties submitted, among other things, copies of pertinent documents from the condemnation action and briefs in support of their respective summary judgment motions; the Williamses further submitted an affidavit from their attorney outlining the hours he expended and the costs the Williamses paid over the course of the condemnation action. The Williamses relied upon §§ 18-1A-230 and 18-1A-290, Ala. Code 1975, as authority for their claim, while Deerman contended that those statutes were not applicable and, assuming that they applied, that the Williamses' claim would have been barred by the statute of limitations. The trial court entered a summary judgment in favor of Deerman, and the Williamses appeal.[1]
Rule 56, Ala. R. Civ. P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury; the burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989). No presumption of correctness attaches to the decision of the trial court regarding summary judgment, and our review is de novo. Hipps v. Lauderdale County Bd. of Educ., 631 So.2d 1023,1025 (Ala.Civ.App. 1993) (citing Gossett v. Twin County CableT.V., Inc., 594 So.2d 635 (Ala. 1992)).
We note that Deerman's action to condemn a right-of-way easement was authorized by Chapter 3 of Title 18, Ala. Code 1975, § 18-3- 1 et seq. Deerman, 587 So.2d at 383. Pursuant to § 18-3-3, "the same proceedings shall be had as in cases of condemnation of lands for public uses as provided by Chapter 1 of [Title 18]," which was repealed and replaced by the act adopting the Alabama Eminent Domain Code, § 18-1A-1 et seq. Act No. 85-548, 1985 Ala. Acts, § 1703. Thus, the same principles set forth in the Eminent Domain Code governing eminent domain actions in general will govern actions brought by private parties to condemn a right-of-way easement pursuant to Chapter 3. SeeBrothers v. Holloway, 692 So.2d 845, 850 (Ala.Civ.App. 1997) (applying cost assessment provisions of § 18-1A-293 to private condemnation action under Chapter 3); compare Deerman, 587 So.2d at 383 (not applying Article 2 of the Eminent Domain Code to Deerman's condemnation action because that article contains a specific provision preventing its application to proceedings under Chapter 3).
In proceedings under the Eminent Domain Code, a trial court must dismiss a condemnation action "in whole or in part, as justice requires," if the plaintiff fails to pay "the full amount required by the judgment within time allowed." §18-1A-230(3), Ala. Code 1975. In Deerman's case, the pertinent "time allowed" was 60 days after this court's determination of the Williamses' appeal, which became final on August 22, 1991.See § 18-1A-290, Ala. Code 1975 ("The condemnor may pay the damages and compensation assessed at any time . . . within 60 days after the appeal is determined."). However, Deerman failed to pay the Williamses the $7,000 amount set by the circuit court in the condemnation action within 60 days of this court's certificate of judgment. Section 18-1A-290 provides that if a plaintiff/condemnor fails to pay the damages and compensation assessed in a condemnation judgment within *Page 21 
the time allotted, "the rights of the plaintiff thereunder shall cease to be binding and the complaint shall be dismissed" Thus, after 60 days had elapsed from August 22, 1991, the circuit court had no discretion to refuse to dismiss Deerman's complaint, and its order finding that Deerman had failed to timely tender the amount specified in its judgment of condemnation is consistent with the requirements of §§ 18-1A-230 and 18-1A- 290 that a condemnation action be dismissed for failure to pay the amounts awarded to the condemnee within the time allotted.
The effect of a dismissal for failure to pay the damages and compensation assessed in a judgment of condemnation entered pursuant to the Eminent Domain Code is also set forth in §18-1A-290:
 "[U]pon such dismissal, the plaintiff shall be liable to the owner or other party as provided in Article 13 for all damages the latter may have sustained by the institution of the proceedings, including a reasonable attorney's fee for defending the same."
Article 13 of the Eminent Domain Code provides, among other things, that "[t]he court shall award the defendant his litigation expenses, in addition to any other amounts authorized by law, if the action is wholly or partly dismissed for any reason." § 18-1A- 232(a), Ala. Code 1975
Because the Eminent Domain Code applies to proceedings to condemn a private right-of-way easement, and because the Eminent Domain Code provides that a plaintiff condemnor who fails to timely pay damages and compensation under a judgment of condemnation is liable for all damages, including costs and attorney fees, incurred by the defendant property owner because of the institution of condemnation proceedings, we conclude that the Williamses stated a theory upon which relief could be granted. We must therefore consider whether their claims were barred by the passage of time, as insisted by Deerman.
We note that the commentary to § 18- 1A-290 indicates that that statute is based upon and generally recodifies former § 18- 1-29, Ala. Code 1975, which in turn recodified Ala. Code 1940, tit. 19, § 25. Under the former statute, the condemning party's failure to pay the assessed damages and compensation within six months nullified the judgment, and the condemning party became liable "upon such failure" to the owner or other party for damages and attorney fees resulting from the institution of condemnation proceedings. Ala. Code 1940, tit. 19, § 25 (emphasis added). Thus, under the former statute, the liability of the condemnor to pay the condemnee's fees and costs accrued automatically upon the failure to pay the assessed amounts. However, under current law, the liability of the condemning party arises only "upon . . . dismissal" of the condemnation action. Ala. Code 1975, § 18-1A-290 (emphasis added).
Section 6-2-30(a), Ala. Code 1975, provides that "[a]ll civil actions must be commenced after the cause of action has accrued."
(Emphasis added.) In this case, the Williamses' claim for costs and fees did not accrue, and the time for its assertion did not begin to run, until the circuit court entered its June 28, 1995, order that, in effect, dismissed Deerman's condemnation action.
In Grief v. City of Homewood, 257 Ala. 181, 58 So.2d 120
(1952), our Supreme Court noted that the predecessor to §18-1A-290 "created a statutory liability to the owner for damages, including the amount of a reasonable attorney's fee," but that the statute was "silent as to the method of enforcing the liability" and "prescribe[d] no particular form of action for its recovery." 257 Ala. at 183 58 So.2d at 122. The Grief court concluded that because the statute created a liability to pay money and prescribed no particular form of action for its recovery, an action of debt was the appropriate remedy. Id.
(quoting City of Anniston v. Douglas, 250 Ala. 367, 371,34 So.2d 467, 471 (1948)). Under Alabama law, an action of debt is subject to the six-year statute of limitations set forth in § 6-2-34.See, e.g., City of Anniston v. Dempsey, 253 Ala. 597, 601,45 So.2d 773, 776 (1950); Kirkland v. Jefferson County, 244 Ala. 69,71, 12 So.2d 347, 348-49 (1943); State Highway Dep't v. Oglesby,530 So.2d 846, 847 (Ala.Civ.App. 1988).
Like its predecessor, § 18-1A-290 creates a liability to pay money, but prescribes *Page 22 
no particular form of action for its recovery; therefore, underGrief and Douglas, the Williamses' claim against Deerman is properly presented in an action of debt, to which the six-year statute of limitations applies. The Williamses thus are afforded six years from June 28, 1995, to bring this action. Because their complaint was filed on January 31, 1996, it was timely filed, and was not barred by the applicable statute of limitations. Moreover, we reject Deerman's contention that the summary judgment may be affirmed on the basis of the doctrines of estoppel and laches, because Deerman did not present, in support of his motion for a summary judgment, substantial evidence indicating that the Williamses' seven-month delay in seeking relief under § 18-1A-290 prejudiced him or that he changed his position in reliance upon the delay. See First Alabama Bankof Montgomery, N.A. v. Martin, 425 So.2d 415, 424 (Ala. 1982),cert. denied, 461 U.S. 938, 103 S.Ct. 2109, 77 L.Ed.2d 313
(1983).
Based upon the foregoing facts and authorities, we conclude that the trial court erred in entering the summary judgment in favor of Deerman. Therefore, we reverse the summary judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
YATES and THOMPSON, JJ., concur.
MONROE and CRAWLEY, JJ., concur in the result.
[1] The trial court's judgment did not adjudicate the counterclaim based on the Litigation Accountability Act; however, because Deerman did not have the trial court rule on whether to grant relief under the Act when it entered a final judgment, or, alternatively, to reserve jurisdiction as to this matter, we conclude that the trial court no longer has jurisdiction with respect to that counterclaim and that the summary judgment constitutes a final judgment. See Donnell Trucking Co. v. Shows,659 So.2d 667, 669 (Ala.Civ.App. 1995); White v. Regions Bank,Inc., No. 2961415, ___ So.2d ___, ___ n. 1 (Ala.Civ.App. March 13, 1998).