WOODALL, Justice.
The Alabama Insurance Guaranty Association (“AIGA”) sued the Water Works and Sanitary Sewer Board of the City of Montgomery (“the Board”), seeking, among other things, to recover money it had paid on behalf of the Board on a workers’ compensation claim filed by one of the Board’s employees. AIGA and the Board each moved for a summary judgment. The circuit court granted the Board’s motion and entered a judgment limiting AIGA’s recovery to the payments it had made on the workers’ compensation *95 claim during the two years immediately preceding the filing of the action and denying AIGA’s request for attorney fees. AIGA appealed to the Court of Civil Appeals.
The Court of Civil Appeals reversed the circuit court’s judgment, concluding that AIGA’s claims were subject to a six-year statute of limitations and that, therefore, the circuit court had erred in limiting AIGA’s recovery to payments made within two years of the filing of the action. The Court of Civil Appeals remanded the case for the circuit court to reassess the damages award and to consider further AIGA’s claim for attorney fees. This Court granted certiorari review to determine, as a matter of first impression, which statute of limitations — the two-year or the six-year— applies to AIGA’s claims. We affirm the Court of Civil Appeals’ judgment.
In 2001, Edward Batson, an employee of the Board, was injured in a workplace accident. At the time of the accident, the Board had workers’ compensation insurance through Legion Insurance Company (“Legion”). Legion was a member insurer of AIGA, which is “a nonprofit, unincorporated legal entity,” § 27-42-6, Ala.Code 1975, established under the AIGA Act, § 27-42-1 et seq., Ala.Code 1975. The purpose of the AIGA Act is “to provide a mechanism for the payment of covered claims under certain insurance policies, to avoid excessive delay in payments and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer, to assist in the detection and prevention of insurer insolvencies and to provide an association to assess the cost of such protection among insurers.” § 27-42-2, Ala.Code 1975.
In July 2003, Legion was declared insolvent and, pursuant to the AIGA Act, Bat-son’s workers’ compensation claim was forwarded to AIGA. In November 2003, the Board and Batson settled Batson’s claim. Under the terms of the settlement, AIGA, on behalf of the Board, paid Batson $40,000 and agreed to cover Batson’s future medical bills related to the treatment of his on-the-job injury.[1] Prior to the filing of the underlying action in 2009, AIGA had paid $49,135.61 with regard to Batson’s claim.
Under the AIGA Act, AIGA has “the right to recover from a high net worth insured all amounts paid by [AIGA] to or on behalf of such insured, whether for indemnity, defense, or otherwise.” § 27-42-11(e), Ala.Code 1975. The Act defines a “high net worth insured” as
“[a]ny insured whose net worth exceeds twenty-five million dollars ($25,000,000) on December 31 of the year prior to the year in which the insurer becomes an insolvent insurer; provided that an insured’s net worth on that date shall be deemed to include the aggregate net worth of the insured and all of its subsidiaries and affiliates as calculated on a consolidated basis.”
§ 27-42-5(7), Ala.Code 1975.[2]
AIGA states that, on October 7, 2003, it sent a letter to the Board advising it that *96 Legion was insolvent and that AIGA had taken over Batson’s claim. AIGA also informed the Board that, pursuant to the AIGA Act, the Board had an obligation to provide AIGA information regarding the Board’s net worth as of December 31, 2002, and that, if its net worth exceeded $25 million, AIGA would be entitled to reimbursement of payments made on behalf of the Board in relation to Batson’s workers’ compensation claim. The Board did not respond to AIGA’s letter.
On November 10, 2003, AIGA sent the Board a second letter, again requesting information regarding the Board’s net worth. The Board received the letter but did not respond to the request. On November 25, 2003, the Board and Batson filed the aforementioned settlement agreement with the Montgomery Circuit Court. On January 28, 2004, AIGA faxed a copy of the November 10 letter to the Board, again requesting information regarding the Board’s net worth as of December 31, 2002. AIGA alleges that the fax was received by the Board but that the Board again failed to respond. For all that appears, the Board did not respond to AIGA’s requests until August 2009.
Effective August 1, 2009, the Alabama Legislature amended the AIGA Act, adding, among other things, the following provision:
“(g) [AIGA] shall establish procedures for requesting financial information from insureds and claimants on a confidential basis for purposes of applying sections concerning the net worth of insureds or first party and third party claimants, subject to such information being shared with any other association similar to [AIGA] and the liquidator for the insolvent insurer on the same confidential basis. If the insured or claimant refuses to provide the requested financial information, [AIGA] may deem the net worth of the insured or claimant to be in excess of twenty-five million dollars ($25,000,000) at the relevant time.”
§ 27-42-11(g), Ala.Code 1975. In August 2009, the Board informed AIGA that its net worth had exceeded $25,000,000 at the relevant time.
After receiving the Board’s net-worth information, AIGA determined that the Board was a high-net-worth insured for the purposes of the AIGA Act and sent the Board a demand for reimbursement pursuant to § 27-42-11. The Board refused to reimburse AIGA, arguing that the statute of limitations on AIGA’s claim had run.
AIGA filed a declaratory-judgment action in the Montgomery Circuit Court, seeking to enforce its right to reimbursement. AIGA also requested that the circuit court
“determin[e] ... each party’s rights, duties and obligations under the AIGA Act with respect to the following matters: the insurance policy issued to the Board by Legion; the claims paid by AIGA to Batson on behalf of the Board; the Board’s willful noncompliance with the AIGA’s requests for net worth information, and its refusal to reimburse the AIGA; and, AIGA’s entitlement to attorneys’ fees.”
AIGA’s brief, at 16-17.
The Board moved the circuit court for a summary judgment, arguing that AIGA’s claims were subject to a two-year statute of limitations and, therefore, that any right to reimbursement AIGA might have would be limited to payments made within two years of the filing of the declaratory-judgment action. The Board also argued that *97 the reimbursement provision in the AIGA Act was unconstitutional and that AIGA was not entitled to attorney fees.
AIGA filed an opposition to the Board’s summary-judgment motion and a cross-motion for summary judgment, arguing that its claims were subject to a six-year statute of limitations and that, in any event, the right to reimbursement had not accrued until the Board disclosed its net-worth information in August 2009. The Board filed a reply to AIGA’s cross-motion for a summary judgment, arguing that the right had accrued upon AIGA’s payment to Batson and that AIGA’s claims were barred by the “voluntary payment” doctrine. The Board also reasserted its positions that a two-year statute of limitations applied to AIGA’s claims and that AIGA was not entitled to recover attorney fees. AIGA responded to the Board’s reply, arguing that the voluntary-payment doctrine did not apply to its claims and reasserting its positions that the claims were governed by a six-year statute of limitations and that the right to reimbursement did not accrue until the Board disclosed its net-worth information.
The circuit court held a hearing on the motions for a summary judgment. At the hearing, the circuit court rejected the Board’s arguments that the reimbursement provision in the AIGA Act was unconstitutional and that AIGA’s claims were barred by the voluntary-payment doctrine. After the hearing, the circuit court entered a judgment, awarding AIGA $1,092.08, the amount it had paid with regard to Batson’s workers’ compensation claim during the two years immediately prior to the filing of the declaratory-judgment action. The circuit court dismissed all other claims and ordered each party to bear its own costs, expenses, and attorney fees.
AIGA appealed the circuit court’s judgment to the Court of Civil Appeals. In a per curiam opinion, that court stated:
“The right to recover bestowed by the legislature upon the AIGA under the Act as it read in 2003 is not identified by the Act as a cause of action sounding in tort or in contract, nor is it labeled as a penalty to be imposed by a court upon an insured for having a relatively high net worth. Rather, it is a statutory right permitting the recovery of a liquidated sum: an amount equal to what the AIGA has paid on behalf of a high-net-worth insured. Our review of applicable Alabama law leads us to agree with the AIGA that the six-year statute of limitations provided in Ala.Code 1975, § 6-2-34, upon which the AIGA relies, does indeed apply in this situation. The AIGA’s reimbursement claim is in the nature of a common-law action of debt (as opposed to assumpsit upon an express or implied contract) for the recovery of money provided by law.”
Alabama Ins. Guar. Ass’n v. Water Works & Sanitary Sewer Bd. of the City of Montgomery, 93 So.3d 88, 91 (Ala.Civ.App.2011).
The Court of Civil Appeals concluded that AIGA’s claims had been filed within the applicable six-year period, reversed the circuit court’s judgment, and remanded the case for further proceedings. Judge Bryan dissented from the majority opinion, arguing that the cases relied on in the per curiam opinion were “plainly distinguishable” and that, “[bjecause the AIGA’s claim is not in contract, it is ... governed by the two-year statute of limitations contained in § 6-2-38(0, Ala.Code 1975.”[3] 93 So.3d at 93 (Bryan, J., dissenting).
*98 The Board then petitioned this Court for certiorari review, and we granted the petition to determine, as a matter of first impression, whether a two-year or a six-year statute of limitations applies to AIGA’s claim for reimbursement from the Board.
The Board argues that this Court should apply to AIGA’s claim either the catchall provision of § 6-2-38(l), Ala.Code 1975, or the statute of limitations for statutory penalties found in § 6 — 2—38(j), Ala.Code 1975,[4] both of which provide a two-year statute of limitations. The Board argues that “AIGA’s claim, to the extent that one exists, is solely a creature of statute,” the Board’s brief, at 15, and that “there is no contract between AIGA and the Board requiring repayment of claims previously paid. AIGA is not a signatory to any insurance contract with the Board and nothing in the contract between the Board and [Legion] makes reference to reimbursement of premiums, claims, expenses or any other money paid by AIGA.” Id., at 16.
AIGA argues that “[t]he [Court of Civil Appeals] correctly determined that AIGA’s claim for recoupment of statutory benefits is more closely akin to one for a debt ... than any of the actions falling under the two-year limitations period argued by the Board.” AIGA’s brief, at 35. Further, AIGA argues, in pertinent part, that the claims fall within the scope of § 6-2-34(5), Ala.Code 1975, which provides a six-year statute of limitations for “[a]ctions for the recovery of money upon a loan, upon a stated or liquidated account, or for arrears of rent due upon a parol demise.”
After reviewing the parties’ arguments and the relevant caselaw, we affirm the Court of Civil Appeals’ decision holding that a six-year statute of limitations applies to AIGA’s claim. Section 6-2-34(5) provides that “[a]ctions for the recovery of money upon a ... liquidated account” are governed by a six-year statute of limitations. As the Court of Civil Appeals noted, AIGA’s right to reimbursement is “a statutory right permitting the recovery of a liquidated sum.” 93 So.3d at 97. Therefore, AIGA’s claims related to that right fall within the purview of § 6-2-34(5).
This Court has stated: “ ‘[W]hen a statute creates a liability to pay money and prescribes no particular form of action for its recovery, an action in debt is the appropriate remedy.’ ” Grief v. City of Homewood, 257 Ala. 181, 183, 58 So.2d 120, 122 (1952) (quoting City of Anniston v. Douglas, 250 Ala. 367, 371, 34 So.2d 467, 471 (1948)). See also Strange v. Powell, 15 Ala. 452, 456-57 (1849) (“It is too well settled to be now controverted, that when a statute creates a liability to pay money, but does not prescribe any remedy by which a recovery shall be had, debt is the proper remedy.”). “Under Alabama law, an action of debt is subject to the six-year statute of limitations set forth in § 6-2-34.” Williams v. Deerman, 724 So.2d 18, 21 (Ala.Civ.App.1998). See also City of Anniston v. Dempsey, 253 Ala. 597, 601, 45 So.2d 773, 776 (1950) (a cause of action in debt is subject to a six-year statute of limitations).
For the foregoing reasons, we conclude that the circuit court erred in limiting AIGA’s right to reimbursement to the pay *99 ments it made in the two years immediately prior to the filing of the underlying action. Therefore, we affirm the Court of Civil Appeals’ judgment reversing the circuit court’s judgment and remanding the case to the circuit court for further proceedings.
AFFIRMED.
STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs in the result.

. The Board and AIGA were jointly represented during the settlement negotiations.

. The AIGA Act was revised significantly in 2009. The language quoted above is from the revised Act. However, § 27-42-11(d) of the pre-2009 AIGA Act included a substantially similar provision:
"The [AIGA] shall have the right to recover from the following persons the amount of any covered claim paid on behalf of the person:
"(1) An insured whose net worth on December 31 of the year immediately preceding the date the insurer becomes an insolvent insurer exceeds twenty-five million dollars ($25,000,000) and whose *96 liability obligations, including obligations under workers' compensation insurance coverages, to other persons are satisfied in whole or in part by the payments.”

. Section 6-2-38(l), Ala.Code 1975, provides: "All actions for any injury to the person or rights of another not arising from contract *98 and not specifically enumerated in this section must be brought within two years.”

. Section 6-2-38(j) provides: "All actions qui tarn or for a penalty given by statute to the party aggrieved, unless the statute imposing it prescribes a different limitation, must be brought within two years.”