# Ex parte Smith.

*Habeas Corpus.*

(Decided Aug. 9, 1911. 56 South. 247.)

*Habeas Corpus; Ground for Relief.*—Where the court exceeded its power in rendering judgment and sentence only by the imposition of imprisonment for the payment of costs at the rate of 40 cents per day instead of seventy-five cents per day, the prisoner was not entitled to be discharged on habeas corpus unless he had at the time of the hearing of his petition served the time required to pay the costs at the rate of 75 cents per day.

· APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Application for habeas corpus by L. M. Smith, for the benefit of George Lee. From an order denying the petition, petitioner appeals. Affirmed.

L. M. SMITH, for appellant. The court exceeded its jurisdiction in sentencing the prisoner for a time to pay costs at the rate of 40 cents per day, and the entire sentence of costs was therefore void.—*Ex parte Long,* 87 Ala. 46; *Ex parte Montgomery,* 79 Ala. 275; *Ex parte McKivett,* 55 Ala. 236; *Ex parte Page,* 49 Mo. 219; *Ex parte Cox,* 37 Pac. 197; *Miller v. Snider,* 6 Ind. 1.

BANKHEAD & BANKHEAD, for appellee. The sentence for costs was not void, but merely irregular.—*Bray v. The State,* 140 Ala. 172; *Ex parte Merlett,* 71 Ala. 371; *Driggers v. Cassidy,* 71 Ala. 532; *Ex parte Robinson,* 123 Ala. 104; *Ex parte Simmons,* 62 Ala. 416; *Kirby v. The State,* 62 Ala. 55. On these authorities it must be held that habeas corpus is not the remedy to correct the irregularity as such irregularities do not affect the validity of the judgment.—*White v. Simpson,* 124 Ala.

[Culpepper v. Adams.]

240.   Counsel discuss other matters not necessary to be here set out.

PER CURIAM.—No question is made as to the power of the court to impose that part of the sentence which was by way of punishment for the offense of which the defendant was convicted.   As to the part of the sentence which imposed hard labor for the costs of the suit, it appears that at the time the petition for the writ of habeas corpus was sued out and heard the convict had not served for the period required to pay the costs at the rate of 75 cents per day.   This being true, under the ruling made in the case of *Ex parte L. J. Haley, Jr., for the benefit of Sherry McWilliams, Infra,* 56 South. 245, he was not entitled to be discharged.

Affirmed.