176 So. 285

## HENRY v. JEFFERSON COUNTY.

### 6 Div. 157.

Supreme Court of Alabama.

Oct. 7, 1937.

Willard McCall, of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellee.

ANDERSON, Chief Justice.

Annie Henry, the plaintiff, is the daughter of Hon. M. V. Henry, who was treasurer of Jefferson County from 1916 to January 15, 1933. She was employed in the office in 1919 as clerk and remained in the employment as such clerk until June 1, 1931. Since 1927 her salary was fixed at $200 per month by the County Commission, and said amount was what she was receiving up to her discharge, which was made by her father, the treasurer, acting upon a resolution or order of the commission of Jefferson County dispensing with her services as clerk for her father. The order directing her discharge was based upon the "Nepotism Bill," which was passed by the Legislature, Gen.Acts 1931, p. 247. The treasurer, in obedience to the order from the commission, discharged the plaintiff, who discharged no duties as clerk for the eight months during her discharge and the period for which this suit was brought.

True, the said Act of 1931, p. 247, was declared unconstitutional in the case of Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259, but that gave the plaintiff no cause of action against the county upon the common counts as for mon-

ey due for services not rendered during the eight months in question. It is a well-settled proposition that, in order to maintain indebitatus assumpsit on a contract, the party suing must have performed all of the stipulations of the contract on his part leaving nothing for the other party to do but to pay the money. Smith v. Sharpe, 162 Ala. 433, and many cases cited on page 436, 50 So. 381, 136 Am.St.Rep. 52. Here, the plaintiff did not render the services for the eight months in question and could not maintain the present action upon the common counts, and the trial court properly so ruled. If plaintiff had a cause of action against the county, which we may concede, but do not decide, it would be for the action on the part of the commission for directing or causing her discharge.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.