34 So.2d 467

**CITY OF ANNISTON v. DOUGLAS.**

**7 Div. 948.**

Supreme Court of Alabama.

March 18, 1948.

W. D. DeBardeleben and Richard Emerson, both of Anniston, for appellant.

Knox, Liles, Jones & Woolf, of Anniston, for appellee.

**FOSTER, Justice.**

This is a suit by a policeman for his salary as such for forty-five days, from December 1, 1946, to January 15, 1947. Count one is the only count that went to the jury on the affirmative charge for plaintiff. The demurrer to that count was that it fails to state a cause of action. The demurrer was overruled. Plaintiff had judgment for the amount of his salary for the forty-five days.

The city officers were under civil service by virtue of the Act of August 4, 1931, General Acts 1931, page 676, Code 1940, Tit. 62, § 392 et seq. The city of Anniston is acting under that Act, and the Civil Service Board adopted rules and regulations, Rule 12–6, so adopted, authorizes the chief of the Police Department to suspend peremptorily any employee without pay and without the right of hearing for improper behavior, which shall "not exceed thirty days in any one year of service." The acting head of the Police Department suspended appellee who was a policeman in that department for a period of forty-five days from December 1, 1946, to and including January 15, 1947.

Plaintiff notified the acting chief, who suspended him, that he did not consider his suspension legal or warranted, demanded a hearing by the board, denied improper behavior, and stated that he will expect his salary to be paid during said period, and is ready and willing to perform his duties as a policeman. No charges were preferred, and plaintiff did not serve during the period of suspension, and did not receive compensation, for which this suit is prosecuted.

The appellant in brief states that the appeal presents two questions: (1) Will general assumpsit lie for his salary for services as a policeman, when he performed no such service during the period for which compensation is claimed; and (2) does the suspension of forty-five days in any one year of service make the entire suspension void, or is it void only for the excess (fifteen days) over the "thirty days in any one year of service."

On the first question, appellant assumes count one to be a common count in assumpsit, and relies on the case of Henry v. Jefferson County, 234 Ala. 525, 176 So. 285. The plaintiff there was the daughter of the county treasurer, and was employed as clerk, and remained so for several years when she was discharged on a resolution of the Commissioners' Court based upon the "Nepotism Act." General Acts 1931, page 247 (afterwards held unconstitutional).

The action was in indebitatus assumpsit, with the common counts. She was not under a contract, nor performing services prescribed by law as an officer. The Court held that in that suit in order for plaintiff to recover she must have rendered the services for the period in question, since it was a suit in indebitatus assumpsit, and denied recovery, although the "Nepotism Act" was unconstitutional. The situation was similar to the one cited by the Court, which was Smith v. Sharpe, 162 Ala. 433, 50 So. 381, 136 Am.St.Rep. 52. In neither case was there a contract which had been breached by the defendant. It was there noted, as stated in the Henry case, supra, that to maintain indebitatus assumpsit on a contract, the party suing must perform all the stipulations on his part, leaving nothing to do but to pay the money. But there the question was whether plaintiff had complied with his contract as broker for services in selling certain property. His contract for compensation by way of commission required a compliance with it, since the other part did not hinder such a compliance. It is however observed that neither case was in respect to an employer and employee under contract for a specified term, where the employer had discharged the employee without legal cause, and thereby the employee was prevented by the wrongful act of the employer from performing his contract, nor in respect to the salary of one serving under statutory regulations.

■ Whereas, we have a long line of cases, not applicable in the Henry case, supra, holding that where an employee is discharged without his fault and in violation of his contract, he has either one of three remedies: (1) He may elect to treat the contract as rescinded and entirely abandoned, and sue on a quantum meruit for work actually performed; (2) he may at once sue for a breach of the contract by the defendant and recover damages for such breach up to the date of trial; or (3) he may wait until the expiration of the term of service, and sue for the stipulated wages agreed to be paid for the whole term. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8, and cases cited; Holloway v. Talbot, 70 Ala. 389; Decamp v. Hewitt, 11 Rob., La., 290, 43 Am.Dec. 204, and note;

2 Add.Contr. § 897; Wood on Master and Servant, pages 237, 250, § 125; Wilkinson v. Black, 80 Ala. 329; Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am.St.Rep. 387; Warten Cotton Co. v. McGuire, 206 Ala. 469, 91 So. 308; Ex parte Towle, 213 Ala. 129, 106 So. 60.

Those cases, in which service was not rendered, are dependent upon a contract of employment for a certain time when the employer prevented the employee from performing his contract. They are different from one in which service was rendered and accepted. For thereby a promise to pay is implied. Jefferson County v. O'Gara, 239 Ala. 3, 195 So. 277.

But those cases and those principles do not apply when there was no service rendered for the period in question, and there was no contract of employment.

■ This plaintiff was not serving under contract, but under law. He began service November 15, 1941, and was under civil service, with no term fixed by law, rule or contract. His salary was presumably fixed by the city authorities, though how that was done does not appear. It was in the amount of $180.00 monthly. But it is clear that he was not serving as an employee under contract, expressed or implied, but as an officer under law. The right to suspend him is not controlled by contract, but by law.

■■ He is suing for his salary fixed by authority of law as an incident of his office, for the period of an alleged unlawful suspension. 43 Corpus Juris 686, notes 75 and 76. He may sue at law, though mandamus may be available. 43 Corpus Juris 704, section 1177.

■ We think the appropriate form of suit is the common law action of debt, rather than assumpsit, for his right is not dependent upon contract expressed or implied. An action of debt may or may not be based on contract. 26 C.J.S., Debt, Action of, § 2(c).

■ That is the appropriate form for the recovery of money provided by law when there is no contract, expressed or implied, to pay it, as for the recovery of a statutory penalty. Southern Car & Foundry Co. v. Calhoun County, 141 Ala. 250,

257, 37 So. 425; Spence v. Thompson, 11 Ala. 746; Turner Coal Co. v. Glover, 101 Ala. 289, 13 So. 478.

■ The theory is that when a statute creates a liability to pay money and prescribes no particular form of action for its recovery, an action of debt is the appropriate remedy. Strange v. Powell, 15 Ala. 452; Blackburn v. Baker, 7 Port. 284, 290; 26 C.J.S., Debt, Action of, § 2(9).

Such also is a suit for a penalty for the failure to satisfy a mortgage record. Drennen Motor Car Co. v. Evans, 192 Ala. 150, 68 So. 303.

It is the appropriate form of action to recover taxes due the state or county. Perry County v. Selma, M. & M. R. R., 58 Ala. 546(12), 564.

Also an action on a judgment is not based on contract, expressed or implied, but it is in debt. Kingsland v. Forrest, 18 Ala. 519, 52 Am.Dec. 232; 26 C.J.S., Debt, Action of, § 2(4).

■ Count one of the complaint here is not a common count for services rendered or to have been rendered under contract. It is for his salary as a police officer which is alleged to be unpaid, and was not shown to have been paid to a rival claimant as in Walden v. Headland, 156 Ala. 562, 47 So. 79; Coe v. Dothan, 19 Ala.App. 33, 94 So. 186. It should be treated as an appropriate count in debt, suing to recover an amount due and owing by virtue of law, and not by contract. And is not within the authority of the Henry case, supra.

The second question argued, assumes (by both parties) the right of the acting chief of police to suspend plaintiff peremptorily, without a hearing, for periods which "shall not exceed thirty days in any one year of service." Appellant contends that although the fifteen days in January 1947 may have been illegal, the suspension was clearly valid for the first thirty days of it. Whereas appellee contends that the power to suspend prohibits a suspension of more than thirty days during a period of any one year while he was in service, and that a suspension of more than that rendered it void in whole, and not good in part.

■ The interpretation of the power seems to be clear and not disputed as we understand the briefs. The year of service would begin December 1, 1946, and would extend twelve calendar months from that date, since no prior suspension is made to appear. So that in the period from December 1, 1946, to November 30, 1947, the sum of the suspensions peremptorily without a hearing cannot exceed thirty days. But it can be done for thirty days in that period of time.

■ The question resembles a situation where a court sentences a party convicted for a period of time in excess of that authorized by law. It was held that the sentence was valid to the extent authorized by law, and that defendant could not be released until he had served that part of it, Ex parte Smith, 1 Ala.App. 535, 56 So. 247, but that after he had served that part of it, he could be released on habeas corpus. Ex parte Haley, 1 Ala.App. 528, 56 So. 245; Ex parte Hill, 122 Ala. 114, 26 So. 230: see note 76 A.L.R. 476. We think the suspension was valid for thirty days, but not for the fifteen days additional, for which plaintiff should have judgment.

The court charged the jury in writing, at the instance of plaintiff, that if they believe the evidence in this case they should render a verdict for plaintiff in the amount of $270 (which was the amount of his salary for forty-five days at $180 per month). This was erroneous, we think, only in the amount of it. The jury returned a verdict for plaintiff for that amount.

■ We think that the only error in the record assigned and argued by appellant is in the amount of the verdict. It should have been for only $90.00, which is fifteen days' pay for plaintiff as a police officer. Under section 811, Title 7, Code, when this is so there may be a remittitur required by this Court. But we have held that since this is a court of review, this statute presupposes action by the trial court on the question of the amount of the damages awarded. Central of Georgia R. R. Co. v. Chambers, 197 Ala. 93, 96, 72 So. 351.

■ This is usually done by a motion for a new trial on account of the excessive

amount of the verdict. But here the trial court directed the jury in the amount of the verdict, so that the trial court has taken action on that matter. We see no reason for remanding the case for another trial.

 A judgment will accordingly be here entered that, unless appellee files a remittitur, as provided by law, with the clerk of this Court within thirty days, reducing the judgment to $90, the judgment of the trial court will stand reversed. If such remittitur is duly filed, the judgment for $90, with interest from May 15, 1947, the date of the judgment, will stand affirmed. The ten percent penalty is not to be assessed, and under such an order the appellee is taxed with the costs of this appeal. The costs as taxed against defendant in the court below will of course stand.

Affirmed conditionally.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.