36 So.2d 314

**CITY OF ANNISTON v. DEMPSEY.**

7 Div. 947.

Supreme Court of Alabama.

June 30, 1948.

W. D. DeBardelaben and Richard Emerson, both of Anniston, for appellant.

Knox, Liles, Jones & Woolf, of Anniston, for appellee.

LAWSON, Justice.

This case, like that of City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467, recently decided by this court, involves a suit by a member of the police department of the City of Anniston against that city to recover a sum of money which the police officer claims is due him as salary.

Upon the conclusion of the presentation of evidence for the plaintiff, both sides rested. The trial court gave the affirmative charge for the plaintiff, who had judgment for $320, the amount sued for. The City has appealed to this court.

The city officers were under civil service by virtue of the act of August 4, 1931, General Acts 1931, p. 676, Code 1940, Title 62, § 392 et seq. Section 396, Title 62, supra, provides in part as follows: "* * * The chief of the police department and the chief of the fire department shall have authority in their respective departments to demote any member of the respective departments *by and with the consent and approval of the civil service board* * * *." (Emphasis supplied.)

In accordance with the authority to adopt rules and regulations, the civil service board promulgated the following rule:

"12.6—The board of commissioners or the chiefs of the two departments may, from time to time preemptorily [sic] suspend any employee without pay or other compensation and without the right of a hearing, as punishment for improper behavior, but such suspension or total suspension of such person shall not exceed thirty days in any one year of service."

Plaintiff, Dempsey, became a policeman of the city on or about March 5, 1941. In 1944 he was made a detective and in

that capacity was paid $200 a month. Shortly before November 1, 1946, he was demoted to the rank of patrolman at a salary of $180 and he was paid that salary for the month of November, 1946. There is no doubt of the fact that this demotion was illegal in that it was made by the acting head of the police department without the consent and approval of the civil service board. Consequently, plaintiff claims that he is entitled to recover the sum of $20 due him for the month of November, 1946, which is the difference between the salary of a detective and that of a patrolman, in which latter capacity he was forced to serve as a result of the unauthorized demotion.

On or about November 30, 1946, the acting chief of police suspended Dempsey for a period of forty-five days, from December 1, 1946, to and including January 15, 1947. This was a peremptory suspension, evidently made under the provisions of Rule 12.6 above quoted. But the plaintiff contends that the entire suspension was void in that he could only be peremptorily suspended during any one year of service for a period of thirty days; that he had already been suspended during that year of service for a period of fifteen days and that consequently the suspension for forty-five days was illegal. Therefore, in addition to the $20 which he claims for the month of November, 1946, he claims the sum of $200 for the month of December, 1946, and the sum of $100 for the first fifteen days of the month of January, 1947.

After he was suspended plaintiff notified the acting chief that he did not consider his suspension legal or warranted, demanded a hearing by the board, denied improper behavior, and stated that he expected his salary to be paid during the period for which he had been suspended, and stated that he was ready and willing to perform his duties as a detective. No charges were preferred and plaintiff did not serve during the period of suspension, and did not receive compensation for that period of time.

The complaint in this case is in all material respects identical with the count held to be the appropriate form of action in the case of City of Anniston v. Douglas, supra. Consequently there is no merit in the contention of the city that the plaintiff has not pursued the appropriate form of action.

■ There is no merit in the contention of the plaintiff that the entire suspension was void in that it was for a period of time in excess of that for which the chief of police could peremptorily suspend plaintiff during this particular year of service. City of Anniston v. Douglas, supra.

■ The only other error in the record assigned and argued by appellant is the amount of the verdict. It should have been for only $220, which represents the sum of $20 for the month of November and $200 for thirty days of the period of suspension. In other words, the plaintiff had already been suspended for a period of fifteen days during the year of service here involved. Consequently, the acting chief of police could peremptorily suspend plaintiff for only fifteen additional days. As before indicated, the suspension was for forty-five days, therefore the additional period of thirty days was illegal and the plaintiff is entitled to receive the sum of $200, the salary of a detective, for that period of time.

As was done in the case of City of Anniston v. Douglas, supra, a judgment will accordingly be here entered that, unless appellee files a remittitur, as provided by law, with the clerk of this court within thirty days, reducing the judgment to $220, the judgment of the trial court will stand reversed. If such remittitur is duly filed, the judgment for $220, with interest from May 14, 1947, the date of the judgment, will stand affirmed. The ten per cent penalty is not to be assessed, and under such an order the appellee is taxed with the costs of this appeal. The costs as taxed against defendant in the court below will, of course, stand.

Affirmed conditionally.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.