318 So.2d 708

**CITY OF MOBILE, a Municipal Corporation of the State of Alabama**

v.

**Price L. MITCHELL et al.**

**SC 1122.**

Supreme Court of Alabama.

July 31, 1975.

S. R. Sheppard and Robert C. Campbell, III, Mobile, for appellant.

Mylan R. Engel, Mobile, for appellees.

EMBRY, Justice.

This appeal is from a judgment of the Circuit Court of Mobile County which contained, in addition to findings, the following order:

"IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the City of Mobile is hereby ordered to pay to the Defendant Grant his full back pay from September 16, 1971 until the date on which all tunnel employees of the City of Mobile were placed on a resignation re-employment list, and whatever compensation he may have earned in other pursuits shall not be deducted."

The action was one for declaratory judgment, brought by City of Mobile against the defendants Mitchell, Berger and Vaughan as members of, and constituting, the Personnel Board for Mobile County, Alabama and defendant Grant a former employee of plaintiff-City in its Classified Service as Toll Collector, Bankhead Tunnel Department.

The dispute, sought to be resolved by the action, was whether earnings of Grant from other pursuits were properly deductible from back salary which the trial court ordered paid to him by the City of Mobile for the period during which he was wrongfully prevented from working for the City. That is the sole question presented for review by this appeal.

The dismissal of Grant by the City of Mobile, his appeal to the Personnel Board, the action of the Board and action of the trial court on review of the Board's action was described in *Grant v. City of Mobile*, 50 Ala.App. 684, 282 So.2d 285, cert. den. 291 Ala. 458, 282 So.2d 291 (1973).

A portion of the judgment below reads:

"* * * The rule that an employee unjustly discharged must deduct from his recovery for wages whatever he has earned since his discharge does not apply in the instant case as there is no broken contract or damage for its breach. There is no contract between the employee and the Municipality by force of which the salary is payable. That salary belongs to him as an incident of his employment and so long as he holds it and when improperly withheld may sue for and recover it. * * *"

That portion of the judgment quoted next above paraphrases language found in *Fitzsimmons v. City of Brooklyn*, 102 N.Y.

536, 7 N.E. 787 (1886). The New York court in *Fitzsimmons*, as did the learned trial judge in this case, held that the municipal employee was entitled to his earnings as an incident of his employment (office), not by virtue of contract, therefore need not deduct from his recovery for wages whatever he has earned from other pursuits while unjustly discharged. We are in accord with the reasoning of both courts and affirm the judgment below.

Indeed we find this result and expression of the underlying principles of law in support of it in *City of Anniston v. Douglas,* 250 Ala. 367, 34 So.2d 467 (1948). There a police officer of the City of Anniston had been suspended and was prevented from working for a period of time by reason of that suspension. He brought suit to recover his salary for such period. On the points of law pertinent to this case, considered by this court in *Douglas* it was stated:

> "This plaintiff was not serving under contract, but under law. He began service November 15, 1941, and was under civil service, with no term fixed by law, rule or contract. His salary was presumably fixed by the city authorities, though how that was done does not appear. It was in the amount of $180.00 monthly. But it is clear that he was not serving as an employee under contract, expressed or implied, but as an officer under law. The right to suspend him is not controlled by contract, but by law.

> "He is suing for his salary fixed by authority of law as an incident of his office, for the period of an alleged unlawful suspension. * * *"

Admittedly, we follow a minority view. We do so in just resolution of the question and follow *Douglas* under the facts of this case. The majority rule with respect to municipal employees is different. A substantial majority of the courts which have considered the question now before us conclude that a wrongfully suspended (or wrongfully discharged) municipal employee

due back pay upon reinstatement must deduct other compensation earned during the period for which back pay is due. See cases collected in 4 McQuillin, Municipal Corporations, § 12.186 (3d Ed., 1968); Annot., 150 A.L.R. 100 (1944). The majority rule apparently is based on a differentiation between municipal *officers* and municipal *employees:* a public official or officer is entitled to full pay whether, working or not, as an incident of office whereas a public employee's right to pay is more akin to the right to pay of one under a contract of employment. 4 McQuillin, § 174b. In the latter instance the majority would require the employee to mitigate damages by deducting from an award of back pay such earnings as were realized from other pursuits while wrongfully suspended or wrongfully discharged from his municipal employment.

That rationale is untenable. Both classes of public servants hold their positions by virtue of law. In the instant case Grant and employees of the City of Mobile are specifically governed by Act No. 470, Local Acts of Alabama, 1939. Section XI, p. 307, of that Act states:

> " * * * Each employee in the Classified Service *shall be paid* initially at the minimum rate * * *" (emphasis added)

That Act further provides that raises or deductions can only be made within the minimum and maximum rate set for the class or position in which an employee works. Thus the salary of Grant is fixed by law and is incident to his office, position as a Classified Service employee, just as the salary of Douglas was fixed by authority of law as an incident of his office (position) as a police officer under civil service. Act 470 labels the civil service of Mobile County and municipalities therein as the *Classified Service*.

Grant was wrongfully prevented from working, he is entitled to his salary; since that salary is fixed by authority of law it may not be diminished. We therefore hold

that where a Classified Service municipal employee is wrongfully prevented from working, he or she is entitled to recover full back pay without any deduction of other compensation earned.

Appellee's motion to dismiss the appeal based on asserted deficiences in perfecting the appeal and assigning error is overruled.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.