HOLMES, Judge.
The appellant, Dee Peseau, is seeking to recover back pay for wrongful dismissal and demotion.
Peseau, formerly an employee of Tuscaloosa County, appeals from a partial award of back pay granted her by the Tuscaloosa County Circuit Court. Peseau argues on appeal that the circuit court erred in its determination of the amount of back pay to which she is entitled. The civil service board (hereinafter “the board”), through able and distinguished counsel, cross-appeals, arguing that the circuit court erred in awarding transcript costs and an attorney’s fee to Peseau. We affirm in part and reverse and remand in part.
This is the second appeal by Peseau to this court. Peseau’s original appeal was decided in Peseau v. Civil Ser. Bd. of Tuscaloosa County, Ala.Civ.App., 385 So.2d 1310, cert. denied, Ala., 385 So.2d 1316 (1980) (hereinafter “Peseau I”). Interested parties may refer to Peseau I for a detailed recitation of the facts. We do not deem it necessary to restate these facts.
However, the following facts are pertinent to this appeal: Peseau was a civil service employee of Tuscaloosa County. She was wrongfully dismissed from her position as chief clerk in the Tuscaloosa County Probate office.
Peseau appealed her dismissal to the board pursuant to Act 357, Acts of Alabama, Regular Session 1949. The board did not sustain plaintiff’s dismissal, but did order her demoted from chief clerk to clerk. Peseau did not accept the demoted position. Instead, she appealed the board’s order to the circuit court, as provided by the Act. The circuit court affirmed the board’s action.
Peseau then appealed to this court in accordance with Act 357. In Peseau I, we held that Peseau was not only wrongfully dismissed, but was also wrongfully demoted. We reversed and remanded to the circuit court for proceedings not inconsistent with our opinion.
On remand, the circuit court ordered, inter alia, the board to pay Peseau (1) the full chief clerk’s salary from the date of her dismissal until the date of her demotion, (2) the difference between the chief clerk’s salary and the salary Peseau would have made in the demoted position from the date of her demotion until September 19, 1980, (3) the cost of preparing the transcript of the board’s proceedings, and (4) an attorney’s fee.
Peseau appealed from the circuit judge’s order. She raises one issue on appeal: whether the circuit court erred in its determination of the amount of back pay to which Peseau is entitled.
The board raises two issues on cross-appeal: (1) whether the circuit court erred in awarding Peseau the cost of the transcript of the board’s proceedings; and (2) whether the circuit court erred in awarding Peseau an attorney’s fee.
I
As stated above, the sole issue raised by Peseau is whether the circuit court erred in its determination of the amount of back pay to which Peseau is entitled. Peseau contends on appeal that the court erred in deducting the salary she would have made in the demoted position from the chief clerk’s salary for the period from her demotion until September 19. Put another way, Peseau argues that she is entitled to the full amount she would have earned as chief clerk had she not been dismissed or demoted.
A civil service employee is entitled to his salary as an incident of his employment. When such an employee is wrongfully dismissed from his employment, he is entitled to recover full back pay without any deduction of compensation earned from other pursuits. City of Mobile v. Mitchell, 294 Ala. 474, 318 So.2d 708 (1975). In other words, the doctrine of mitigation of damages does not apply to back pay claims of civil service employees. City of Mobile, supra.
*81 In the instant case, Peseau was a civil service employee pursuant to Act 357. She held her job as chief clerk as a matter of law. She was wrongfully prevented from working as chief clerk, first, by wrongful termination and, second, by wrongful demotion.
As stated above, the doctrine of mitigation of damages does not apply to back pay claims of civil service employees. Put another way, a wrongfully dismissed employee cannot be required to mitigate his damages by securing employment elsewhere. By the same “token” and logic, a wrongfully demoted employee cannot be required to mitigate his damages by accepting the demoted position. See, City of Mobile, supra.
In the instant case Peseau did not accept the demoted position. She was not required to do so. Therefore, the deduction of the amount she would have earned had she accepted the demoted position was improper.
We note that had Peseau, a public employee, accepted the demoted position, then possibly an entirely different issue might be before this court. However, the facts of this case do not require this court to address that question and we therefore refrain from doing so.
With the above in mind, we hold that Peseau is entitled to receive as back pay the full amount she would have earned as chief clerk had she not been dismissed or demoted. We therefore reverse the learned trial judge on this ground.
II
On cross-appeal the board argues that the circuit court erred in awarding Peseau the cost of producing the transcript of the board’s hearing.
The pertinent statute in this case, Act 357, does not provide for the taxing of costs. Therefore, we must look elsewhere for guidance in this matter.
Rule 81(a)(32) of the Alabama Rules of Civil Procedure provides that “these rules shall be applicable to the extent that the practice is not provided by statute: [in] . . . [a]ll . . . actions or proceedings removed, appealed, taken by certiorari or otherwise brought into the courts enumerated in Rule 1.... ” Rule 1(a) states that those rules govern procedure in the circuit courts. In fact, the committee comments to Rule 1 specifically state that the rules govern procedure in the circuit courts on appeal to such courts from administrative agencies. Consequently, because Act 357 does not provide for taxing of costs, the rules of civil procedure are applicable in this regard.
The rule of civil procedure which provides for taxing of costs is ARCP 54(d). Rule 54(d) states that “costs shall be allowed as of course to the prevailing party unless the court otherwise directs .. .. ”
The circuit court awarded the cost of the transcript to the prevailing party in this action. With the above in mind such award was clearly within the authority of the court. We find no error and affirm on this ground.
Ill
The second issue raised on cross-appeal is whether the circuit court erred in awarding Peseau an attorney’s fee. Peseau concedes error on this ground.
Attorney’s fees are recoverable only when authorized by statute, provided in a contract, or in an equitable proceeding when efforts of an attorney create a fund out of which fees may be paid. Shelby County Comm’n v. Smith, Ala., 372 So.2d 1092 (1979).
Act 357 does not provide for attorney’s fees. Under the facts of this case, we find that Peseau' was not entitled to an attorney’s fee, as conceded by Peseau. We therefore reverse and remand on this ground.
This cause is due to be affirmed in part and reversed in part, and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.