HOLMES, Judge
(concurring specially).
I concur generally with the result reached by the majority.
The general rule is that attorney’s fees are recoverable only when authorized by statute, provided in a contract, or in an equitable proceeding when efforts of an attorney create a fund out of which fees may be paid. Peseau v. Civil Service Board of Tuscaloosa County, 401 So.2d 79 (Ala.Civ.App.1981). See also Ex Parte Handley, 460 So.2d 167 (Ala.1984).
In this instance, by the wording of the contract, it is clear that the seller is obligated to bear the cost of a reasonable attorney’s fee as a result of the seller’s breach. The instant fee provision, in fact, is in the nature of an indemnification clause and by its terms also provided for the cost of all proceedings that were caused by the breach. Therefore, in view of the language of the contract, an award of a reasonable attorney’s fee for the cost of the trial and the appeal appears to be mandated.
However, I should not be understood as concluding that in all appropriate “contract cases” an attorney’s fee must be awarded at trial or on appeal. It might well be that the award of an attorney’s fee as well as the amount of the fee would fall within the discretionary power of the trial court and/or this court.
Furthermore, I would remand this case to the trial court for the determination of a reasonable attorney’s fee rather than this court determining the specific amount of such fee.