EDWARD N. SCRUGGS, Retired Circuit Judge.
Mr. Thornton, the plaintiff, sued Mr. Pugh upon an $8,000 loan. The plaintiff contended that he made the loan to the defendant and that it was evidenced by the defendant’s promissory note. The defendant denied that such a loan had been made and countered that the $8,000 note “is a fake, it is a contrived, pieced together, false document.” After a nonjury ore ten-us trial before the circuit court, a judgment was rendered in favor of the defendant and against the plaintiff. The plaintiff’s motion for a judgment notwithstanding the verdict or for a new trial was overruled by the trial court, and the plaintiff timely appealed.
The sole issue on appeal concerns the testimony of one of the defendant’s witnesses.
On direct examination, the witness testified that he has owned his own photography shop for the past ten years. At the request of the defendant’s attorney, he made copies of the note, an agreement and the backs of two checks which the defendant had actually signed or allegedly signed. Transparencies were made from the photographic negatives. A transparency is a positive copy of something that can be projected upon a screen. The same perspective was maintained when the instruments were being photographed, when the film was developed and when the transparencies were made. He stated that he has no particular expertise in handwriting analysis. The following then transpired as to two of the documents:
“[1] Q. Do you have a layman’s opinion about comparing these signatures to each other?
“A. They’re identical.
“MR. COOPER: Objection, Your Hon- or.
“THE COURT: Overruled.
“[2] Q. Please answer again.
“A. They are identical. There’s absolutely no difference. Even the glitch that the pen made where the ink flowed differently, it’s even the same. They are the same signature.
“MR. COOPER: Your Honor, I again object to his testimony as far as him being used as an expert in documents.
“THE COURT: He is not being used as an expert in documents. He is giving a lay opinion, which I believe he is qualified to do.
“THE WITNESS: I deal with lines every day of my life for the last ten years, and I can tell you those lines are the same.”
(Numbers supplied.) He further stated that he had inspected a particular exhibit before, during and after the time that he photographed it. As to the defendant’s signature as it appeared upon the two documents, counsel for the defendant sought to prove by the witness that behind the defendant’s middle initial in each document there was a particular period and that it falls in exactly the same place when the *261 two documents are compared. The trial court stated: “Well, I can tell that; he doesn’t have to tell me that.”
The witness then testified on cross-examination. He had been a partner in a graphics shop for eight years before he opened his present business. Graphics consist of lithographic photography layouts, and it is very similar to what he did concerning the present documents. His immediate work is about fifty percent commercial, such as copy work, and about fifty percent portrait. While he has no particular expertise as to handwriting, he has to deal with lines every day in his work. He has had no training as such as to handwriting comparison, but he has attended many manufacturer’s schools in photography that provided training in comparing one line with another. He swore that everything that he deals with professionally is what he did in this case.
The plaintiff argues through able counsel that the witness, who was not familiar with the defendant’s handwriting, should not have been permitted to make a comparison of the defendant’s handwriting and to testify that two signatures were so identical that one must have been a copy or forgery of the other, which had been made by mechanical or photographic means. We disagree for the following reasons:
The only opinions concerning the signatures which the witness gave were in response to the two questions, the proceedings as to which having been previously copied herein.
As to the question which we have numbered “(1)”, it was answered before any objection was made. As a general rule, an objection must be made after the question and before the answer in order for an adverse ruling thereon to be considered on appeal. Baldwin v. McClendon, 292 Ala. 43, 288 So.2d 761 (1974); C. Gamble, McElroy’s Alabama Evidence, § 426.01(3) at 793 (3d ed. 1977). Further, no specific ground for the objection to that question was stated. No reversible error arises from the overruling of a general objection where the elicited evidence was not patently inadmissible. Baldwin v. McClendon, supra. This objection falls within the scope of that rule. In any event, such evidence was admissible since he was an expert and was authorized to give an opinion thereon.
As to question numbered “(2)”, the objection thereto also came too late. However, if the objection is considered to be a motion to exclude the witness’s answer on the ground that he was not an expert, the trial court did not err in overruling it, for it affirmatively appears that the witness was definitely qualified to testify as an expert. He had dealt with lines in his work every day for the past ten years. He had much expertise in that field which far exceeded the experience of the average person. Handwriting consists of lines. His experience and training qualified him to answer the question in the manner that he did. A witness that has special experience which enables him to form a more reliable opinion from specific data than could be formed by the average layman may testify to his opinion, even though the trier of facts would be qualified to form an opinion from that data. C. Gamble, McElroy’s Alabama Evidence, § 127.01(5) at 269 (3d ed. 1977). In overruling the plaintiff’s objection, the trial court stated that the witness was giving an opinion as a lay witness, but no error resulted therefrom for, when a trial court reaches a correct result for a wrong reason, no error results.
Even if the witness had not been adequately qualified as an expert at the time this objection was made, any deficiency as to his qualification as an expert was subsequently supplied through the witness’s remark which was made immediately after the trial court ruled upon the objection, and his qualifications were further amplified greatly by his responses on cross-examination. If there was any initial error in that ruling, it was cured by subsequent testimony and would be error without injury. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. *262 SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.