BRADLEY, Presiding Judge.
Judgment for the plaintiff in the amount of $560, and defendants appeal.
William M. Oglesby, a retired State Highway Department employee, brought this action on May 6,1987 against Royce G. King, as State Highway Director, and the Alabama State Highway Department. The complaint alleged that in April 1980 Ogles-by was an employee of the Highway Department working in its Fifth Division office in Tuscaloosa, Alabama. During this month Oglesby was assigned to the Highway Department’s Third Division to work on the Bessemer interstate project. Ogles-by alleges that during the time he was assigned to the Bessemer interstate project he was denied the $5.00 per diem authorized by section 36-7-20, Code 1975 (1987 Cum.Supp.). This provision provides, in pertinent part, as follows: “For travel which does not require an overnight stay, the traveler shall be paid a meal allowance of $5.00 for a trip of from six to 12 hours’ duration_”
Defendants moved to dismiss the complaint on the grounds that it failed to state a claim for which relief could be granted, and that it was barred by the statute of limitations, the doctrine of sovereign immunity, and Section 14 of the Constitution of Alabama 1901. This motion was denied. Defendants answered the complaint, and a trial was had before the court sitting without a jury. The court found for the plaintiff and awarded him a judgment.
The defendants appeal and assert among other contentions that the trial court erred in overruling their motion to dismiss based on the one-year statute of limitations.
The trial court held that the action instituted by plaintiff was ex contractu and the six-year statute of limitations controlled. § 6-2-34, Code 1975.
Defendants argue that plaintiff’s complaint presents an ex delicto action and the one-year statute of limitations should have been applied by the trial court.
The dispositive issue here is whether the one-year statute of limitations or the six-year statute of limitations is applicable to plaintiff’s action.
In City of Anniston v. Douglas, 250 Ala.367, 34 So.2d 467 (1948), the supreme court said: “The theory is that when a statute creates a liability to pay money and prescribes no particular form of action for its recovery, an action of debt is the appropriate remedy.”
In the case at bar plaintiff was seeking to recover money allegedly owed him pursuant to section 36-7-20, Code 1975 (1987 Cum.Supp.). The liability to pay plaintiff was created by this statute, and it did not provide a particular form of action. Consequently, we conclude that the proper action was one in debt and the applicable statute of limitations is six years, as set out in section 6-2-34, Code 1975.
The trial court correctly found that the six-year statute of limitations applied to plaintiff’s action but incorrectly held that it was an ex contractu action. Where a trial court reaches the correct conclusion in a case but for the wrong reason, its decision will, nevertheless, be upheld if a proper basis for it can be found. Thornton v. Pugh, 491 So.2d 259 (Ala.Civ.App.1986)
The defendants argue that the one-year statute of limitations applied in this case because plaintiff’s action was based on an ex delicto claim. For support of this argument, defendants cite us to the case of Jefferson County v. Reach, 368 So.2d 250 (Ala.1979). In that case the supreme court did say that:
“The distinction between a claim ex contractu and one ex delicto is found in *848 the nature of the grievance. Where the wrong results from a breach of a promise, the claim is ex contractu. However, if the wrong springs from a breach of a duty either growing out of the relationship of the parties, or imposed by law, the claim is ex delicto.”
Reach had sued Jefferson County for damages because he had been denied a due process hearing when he was dismissed as an employee of the Jefferson County Sheriff's Office. The supreme court held that this was an ex delicto claim and not an ex contractu claim. The issue in Reach was whether the claim was ex delicto or ex contractu.
In the case at bar the claim was not based on a promise to pay but was based on a statutory requirement that plaintiff be paid the per diem allowance if he proved that he was due to be paid.
The six-year statute of limitations for debt, i.e. § 6-2-34, Code 1975, applied to plaintiffs claim, and the trial court correctly denied defendants’ motion to dismiss.
Defendants’ final contention is that the trial court erred in finding that plaintiff was entitled to per diem compensation while working outside his home district or division.
“Where the trial court bases its findings of fact on evidence presented ore tenus, its findings are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly and palpably wrong_" Cupps v. Upton, 489 So.2d 544 (Ala.1986).
The evidence in the record reveals that plaintiff testified he is presently retired from the State Highway Department.
During the time in question plaintiff testified he was based in McCalla; however, he said his home base was the Second District of the Fifth Division of the Highway Department, in Tuscaloosa. Plaintiff stated that he was given an oral directive to report to McCalla to work on an interstate project around Bessemer. McCalla is in the Second District of the Third Division of the Highway Department in Birmingham.
Plaintiff stated that his personnel records remained in Tuscaloosa but that his payroll records were kept in McCalla during his assignment there and then sent to Tuscaloosa for permanent retention.
Plaintiff says his base was never changed from Tuscaloosa to McCalla. He says that he worked out of the Tuscaloosa Division while he was assigned to the McCalla project.
Plaintiff stated that McCalla was a project office and that he worked out of that office. He drove from his home to the McCalla project office every work day morning and reported for work.
During the time Plaintiff was assigned to McCalla, he never filed an expense request.
Yerby, Assistant Tuscaloosa Division engineer, testified that plaintiff was assigned to the McCalla project by agreement of the division engineer in the Third and Fifth Division and the Highway Director. He said that this project office was staffed by personnel from the Fifth Division. This office was supervised by the Assistant Division Engineer and a District Engineer in Tuscaloosa.
Yerby stated that plaintiff was based at the project office in McCalla. He said that Highway Department regulations decide where an employee’s base will be for per diem purposes.
Mr. Yerby testified that the rules provide that when an employee is away from his base station for more than six hours but less than twelve hours that employee .is entitled to the $5.00 per diem. He said that for plaintiff to be eligible to receive the per diem he would have had to have worked out of the McCalla office for more than six but less than twelve hours during one day.
Yerby said that plaintiff was transferred to McCalla to work on that interstate project. Britt, project engineer on the McCalla project, testified that plaintiff’s base was McCalla. However, in his deposition Britt stated that plaintiff’s base was Tuscaloosa. He said in this same deposition that “we were all working out of the Tuscaloosa District.”
*849 Pickett, chief accountant for the Highway Department, testified that the base for project office personnel is determined by the district or division in which the project office is located. He said the rules, which he helped prepare, did not specifically provide for project personnel but that they were considered district personnel in determining their base for per diem purposes.
The Highway Department rules relating to the payment of expenses were introduced into evidence. The rules provide a definition of base for certain categories of Highway Department personnel for per diem purposes. The base for District personnel is the district to which they are assigned. There is no definition of base for project personnel in the rules.
The code section in question, i.e. section 36-7-20, provides that an employee traveling within the state on state business is entitled to $5.00 per day if the trip is more than six hours but less than twelve hours. The Highway Department obviously promulgated rules in an effort to further refine the statutory authorization. In other words, the Department established various segments of the Department as a base of operations for computation of the per diem travel expenses. Thus, any employee traveling from his base for the required time would be entitled to the per diem payment.
Although not defined in the written rules, the overwhelming weight of the evidence was that the policy of the Department considered a project office as being a base for per diem payments. Further, the undisputed evidence is that plaintiff was transferred to the McCalla project office, which is located in the Third Division, and worked out of that office for one hundred and twelve days. During this time plaintiff traveled directly to McCalla from his home and never worked in the Tuscaloosa Division.
Even though there is testimony from the plaintiff and the project engineer that Tuscaloosa was plaintiffs base, plaintiff never worked in the Tuscaloosa Division, nor did he go to the Tuscaloosa office and then proceed to McCalla to work. During the period in question plaintiff did not file a per diem request.
In view of the undisputed testimony that plaintiff did not work in the Tuscaloosa Division during the time in question but instead worked in the McCalla project office; that the undisputed Department policy was that a project office was to be considered a base for per diem payments; and that plaintiff worked in the McCalla office, we hold that the evidence overwhelmingly supports our conclusion that plaintiffs base for per diem payments for at least one hundred and twelve days was the McCalla project office. The trial court’s decision to the contrary is plainly and palpably wrong and must be set aside. Its judgment is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.