In 1990, the City of Birmingham dismissed Geraldine Whitlow from her job as a radio dispatcher for the Birmingham Police Department. Whitlow appealed to the Jefferson County Personnel Board, and the Board sustained the dismissal. Whitlow then appealed the Board's decision to a three-judge panel of the circuit court. The panel concluded "that there is not substantial evidence to support the Board's decision," and it reversed the Board's decision. This court affirmed the judgment of the circuit court panel. See Ex parte Personnel Board ofJefferson County, 648 So.2d 593 (Ala.Civ.App. 1994).
Whitlow was reinstated on December 19, 1994. She has been reimbursed with backpay, longevity pay, and her actual out-of-pocket medical expenses that would have been covered by insurance if she had been employed. She has also been given pension credits, sick and vacation leave, and the seniority-in-grade she would have accrued but for her dismissal. The current dispute arose when Whitlow claimed that she was entitled to prejudgment interest on her backpay and to the value of the City's monthly contribution to her health insurance coverage. The circuit court denied those forms of relief and Whitlow appealed to the Alabama Supreme Court. The supreme court transferred the cause to this court pursuant to Ala. Code 1975, § 12-2-7(6). We affirm in part, reverse in part, and remand with instructions.
Citing Ala. Code 1975, § 8-8-8, Whitlow argues that she is entitled to prejudgment interest on her accrued but unpaid biweekly compensation (backpay). Section 8-8-8 provides the following:
 "All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed."
"This statute has been interpreted to mean that 'in contract cases, where an amount is certain or can be made certain as to damages at the time of the breach, the amount may be increased by the addition of legal interest from that time until recovery.' " Miller Co. v. McCown, 531 So.2d 888, 889
(Ala. 1988) (quoting C. Gamble, Alabama Law of Damages, § 8-3 (2d ed. 1988)).
Although our supreme court has not addressed the precise issue of prejudgment interest on backpay for municipal employees, that court has held that claims arising out of the employment relationship between a municipality and its employees are not contract claims. That court has stated that a municipal employee does not serve under contract, express or implied, but under law. City of Anniston v. Douglas, 250 Ala. 367,370, 34 So.2d 467, 470 (1948). A city employee's salary is "an amount due and owing by virtue of law, and not by contract." Id. at 371, 34 So.2d at 470. See also City of Mobilev. Mitchell, 294 Ala. 474, 318 So.2d 708, 709 (1975). The employee's right to recover his salary for the time he is unlawfully suspended "is not dependent upon contract, expressed or implied." City of Anniston v. Douglas, 250 Ala. at 371,34 So.2d at 470.
We recognize that, in other jurisdictions, civil servants have sometimes been deemed to be in contractual relationships with their employers. See, e.g., Fleming v. Pima County,141 Ariz. 167, 685 P.2d 1319 (Ariz.App. 1983), aff'd. in part, modified and vacated in part on other grounds, 141 Ariz. 149,685 P.2d 1301 (1984). Arizona has a statute authorizing the payment of attorney fees to the prevailing party in any contested action arising out of a contract, express or implied. See Ariz.Rev.Stat. Ann. § 12-341.01 (1992). In Fleming, a civil service employee who had *Page 109 
been wrongfully terminated was reinstated and awarded attorney fees pursuant to that statute. The county argued that the claim "did not arise out of contract, express or implied, but rather that its relationship to a civil service employee is the product of statutory law and the constitution."141 Ariz. at 171, 685 P.2d at 1323. The Arizona appellate court disagreed, and affirmed the award of an attorney fee. It held:
 "While it is true that the terms and conditions of employment are fixed by statute, or rules and regulations creating it and not by contract, the relationship between the employee and the county is nevertheless in the nature of a contract."
Fleming v. Pima County, 141 Ariz. at 171, 685 P.2d at 1323.
Although we acknowledge analogous authority to the contrary in other jurisdictions, we conclude that our prejudgment interest statute, § 8-8-8, is limited strictly to contract actions and, in light of the decisions of our supreme court inDouglas and Mitchell, supra, we hold that the statute does not apply to awards of backpay for municipal employees.
Whitlow also claims that her backpay should include the amount of the City's contribution to her health insurance coverage. We disagree.
Backpay for a reinstated public employee includes the value of fringe benefits that the employee did not receive while she was not at work. See Lauderdale County v. Daniels,431 So.2d 1266 (Ala. 1983) (deputy sheriff given backpay, uniform allowance, and annual and sick leave). However, even if Whitlow had been at work she would not have received the dollar amount of the City's contributions to her health insurance coverage. Instead, she would have received the benefit of those contributions — continued health insurance coverage. Here, the circuit court provided Whitlow with the same benefit when it ordered that she receive the actual out-of-pocket medical expenses that would have been covered had she been employed.
Whitlow contends that the circuit court erred by ordering post-judgment interest on her backpay to run from the time the three-judge circuit court panel reversed the Personnel Board's decision to the time of her reinstatement on December 19, 1994. She claims that interest on her backpay should accrue until the amount is actually paid. We agree. "Interest of course runs on the judgment until it is paid." Hunt v. Ward, 262 Ala. 379,385, 79 So.2d 20, 26 (1955).
The circuit court's order denying Whitlow further relief is affirmed in part and reversed in part, and the case is remanded with instructions for the circuit court to amend its judgment to provide that post-judgment interest on Whitlow's judgment for backpay will continue to accrue until the judgment is actually paid.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.