PITTMAN, Judge.
This case arises from the termination of James L. Hardric as a police officer for the City of Stevenson (“the City”).
The City hired Hardric as a police investigator in 1992. He continued in that position until March 1, 1999, when he was suspended by Mayor James W. Matthews and Police Chief Tommy E. Lands. On March 8, 1999, Matthews and Lands gave Hardric a written notice of termination. The written notice alleged that Hardric had violated the City’s written personnel rules .and that he was insubordinate, had intentionally failed or refused to carry out instructions, had willfully disregarded orders, and had falsified information.
The City distributed revised Personnel Rules and Regulations to its employees on September 18, 1998. Among the provisions of those rules was the assurance that employees would be discharged from employment only for good cause and only in accordance with discharge procedures set out in the Rules and Regulations. Matthews and Lands did not follow those Rules and Regulations in terminating Har-dric; specifically they failed to hold a hearing in Hardric’s case as required by the Personnel Rules and Regulations.
On March 15, 1999, Hardric filed a written notice of appeal of his termination with the City. In that notice, Hardric alleged that his employment rights had been violated, asserted that he had not been provided with specific charges for the alleged personnel rules violations, and requested a due process hearing in order to dispute and refute the allegations underlying his termination.
On March 23, 1999, Matthews and Lands finally provided Hardric a written explanation for his termination; the personnel board denied his appeal. The same day, Hardric requested a grievance hearing as authorized by the Personnel Rules and Regulations. On April 14, 1999, legal counsel for the City acknowledged Har-dric’s right to a hearing, and on May 13, 1999, requested that Hardric submit to counsel the name of his nominee to the grievance committee who would hear Har-dric’s case. Hardric submitted the name of his nominee to Stevenson’s legal counsel in a letter dated May 26, 1999. No hearing was ever held and on December 19, 1999, Hardric filed an eight-count complaint with the trial court.
The complaint named not only the City, Matthews, and Lands, but also named the City’s eouncilmen as defendants. Hardric alleged (1) that he had been terminated without first being provided a specific reason for termination and without a hearing as guaranteed in the City’s Personnel Rules and Regulations; (2) that Matthews *208 and Lands had acted willfully and unlawfully and had thereby caused a breach of Hardric’s employment contract; (3) that their actions were based on impermissible considerations of race and were the result of Hardric’s exercising his right of free speech; (4) that the defendants deprived Hardric of his constitutional right to due process by failing to hold a hearing as required by its own personnel rules; (5) that they interfered with Hardric’s business relationship with the City; (6) that they conspired to deny Hardric his protected rights; (7) that they acted in bad faith in terminating his employment; and, (8) that they violated 42 U.S.C. § 1983 in depriving him of his employment without due process.
Through legal counsel, the councilmen filed a motion to dismiss alleging that the complaint failed to state a claim for which relief could be granted and that counts 3 through 6 and count 8 could not be maintained against them as a matter of law. The City filed a motion to dismiss for failure to state a claim, and it also alleged that Hardric’s claim of intentional interference with employment, bad faith, and conspiracy could not be maintained as a matter of law. Matthews and Lands filed a motion to dismiss and argued that the first count did not state a claim for which relief could be granted and that the remaining counts could not be maintained against them as a matter of law. The City also filed a motion to strike Hardric’s claims for punitive damages.
The trial court set the motions for a hearing on May 2, 2000. At the hearing, the trial court requested that the parties brief their positions for the court. The defendants filed a brief in support of their motions to dismiss on May 25, 2000. On June 9, 2000, Hardric filed a brief responding to the motions to dismiss. On February 21, 2001, the trial court issued a written order granting all pending motions to dismiss. On March 21, 2001, Hardric filed a motion to alter, amend, or vacate the judgment. On June 14, 2001, the parties consented to extend the time for ruling on the postjudgment motion pursuant to Rule 59.1, Ala. R. Civ. P., (for 180 days) and again on December 14, 2001 (for an additional 60 days). The trial court never ruled on Hardric’s motion and the motion was denied by operation of law on February 13, 2002. Hardric filed his notice of appeal on March 8, 2002.
Our standard of review of a trial court’s grant of a motion to dismiss is as follows:
“ ‘[A] complaint, like all other pleadings, should be liberally construed, Rule 8(f), [Ala.] R. Civ. P., and ... that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the Plaintiff can prove no set of facts entitling him to relief.’ ”
Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala.1991), quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985). No presumption of correctness attaches to the trial court’s decision to grant a motion to dismiss. See Jones v. Lee County Commission, 394 So.2d 928 (Ala.1981).
On appeal, Hardric argues that the dismissal of his case was in error because, he says, his complaint asserted a claim for breach of contract and wrongful termination, as well as for violations of due process and 42 U.S.C. § 1983. Therefore, we will not discuss the other claims raised in Hardric’s original complaint, which are waived if not argued on appeal. See Pardue v. Potter, 632 So.2d 470 (Ala.1994). In the first two counts of his complaint, Har-dric asserted that the City, Matthews, and Lands breached the employment contract he held with the City. Hardric argues that because the City had adopted a personnel manual, which gave municipal employees *209 certain procedural rights, including a right to a termination hearing, failure to follow the manual in terminating his employment gives rise to a breach-of-contract claim or to a tort claim for wrongful termination.
Our supreme court has previously held that provisions contained in an employee handbook, coupled with an employee’s continued service after the issuance of the handbook, modify the traditional employment-at-will doctrine. See Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987). More specifically, when the employer limits its right to terminate an employee by providing a manual outlining specific procedures that must be followed in order to terminate an employee, violation of these procedures gives rise to a breach-of-contract claim. See Ex parte Graham, 702 So.2d 1215 (Ala.1997) (holding that the county agency’s personnel manual, that established a grievance process was sufficient to constitute a unilateral contract of employment; failure to follow the manual’s procedures gave employee right to assert a breach-of-contract claim). In this case, the crucial issue is whether a municipality may modify its employment-at-will status vis-a-vis its employees by issuing a personnel manual that provides a specific employee-termination procedure.
Our supreme court directly considered this question in Morrow v. Town of Littleville, 576 So.2d 210 (Ala.1991). There, the plaintiff alleged that the town’s “Policy and Procedures Manual” contained provisions for terminating employees and that these procedures had not been followed in terminating his employment. Morrow, at 211. The town defended the action, arguing that the plaintiff had asserted a tort claim for wrongful termination, and that the claim was barred by § 11-47-23, Ala.Code 1975. Our supreme court held that the terminated employee had stated a claim for breach of contract against the town and concluded that “an employee handbook by which the employer promises not to discharge employees except by procedures or for causes set forth in the handbook” can be sufficient to create a binding unilateral contract. Morroio, at 212.
The City argues that generally a municipal employee does not have a contractual relationship with the municipality, citing only one case, Whitlow v. City of Birmingham, 689 So.2d 107 (Ala.Civ.App.1996), in support of its position. Whitlow discussed the application of § 8-8-8, Ala.Code 1975, which is the statute providing for prejudgment interest on contract claims, to a municipal employee’s claim that he was due back pay. This court held that the statute applies only to contract actions, distinguishing the employee’s salary as one due under law and not under contract. Whit-low, at 108-9. In that case, this court did not address the issue of when an employment-at-will situation has been modified by a personnel, manual to give employees rights normally found only in employment contracts. We conclude that Whitlow does not apply to this case.
In this case, the facts alleged in Har-dric’s original complaint mirror those adjudicated in Morrow. Hardric states that he was employed before and after the City issued revised Personnel Rules and Regulations for its employees on September 18, 1998. His complaint alleges that his termination on March 8, 1999, did not follow the policies and procedures set forth in the personnel manual. Under the holdings of Ex parte Graham and Morrow, we conclude that Hardric has stated a valid breach-of-contract claim. Therefore, we must reverse the trial court’s judgment granting the motions to dismiss, and remand the cause for further proceedings consistent with this opinion.
*210 As to Hardric’s claim of wrongful termination, we view this court’s decision in City of Gadsden v. Harbin, 398 So.2d 707 (Ala.Civ.App.1981), as controlling. That decision held that a municipal employee may bring a wrongful-termination action. This court determined that “[t]he dismissal of a public employee who is entitled to a pretermination hearing, without such a hearing, is a wrongful act constituting a tort under Alabama law.” Harbin, 398 So.2d at 708. We conclude, therefore, that Hardric stated a valid claim of wrongful termination in his original complaint.
Hardric’s due process and 42 U.S.C. § 1983 claims may be brought pursuant to our decision in Todd v. Kelley, 783 So.2d 31 (Ala.Civ.App.2000). In that case a police officer sued the city, the mayor, and the police chief, alleging wrongful discharge and § 1983 claims. This court determined that the decision of the official holding final policy-making authority with respect to the firing of a police officer, regardless of whether that official is the mayor or the police chief, could subject the city to § 1983 liability. Todd v. Kelley, 783 So.2d at 39-41.
Todd v. Kelley was a review of a summary judgment; this case reviews the trial court’s dismissal of Hardric’s action. The fact that Hardric sued the mayor, the police chief, and the city council is sufficient to put the issue of who had the policy-making authority for firing city personnel before the trial court. The failure to follow the Personnel Rules and Regulations in terminating Hardric’s employment may violate due process and, thus, may subject the City to § 1983 liability under the rationale in Todd v. Kelley. The individuals named may be entitled to state-agent immunity; however, we conclude that his complaint states a valid cause of action sufficient to survive a motion to dismiss. We conclude that because Hardric stated a breach-of-contract claim, a wrongful-termination claim, and a possible due process claim that implicates 42 U.S.C. § 1983, the trial court’s judgment must be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.