BRYAN, Judge,
dissenting.
In Jefferson County v. Reach, 368 So.2d 250, 252 (Ala.1978), the supreme court stated:
“The distinction between a claim ex contractu and one ex delicto is found in the nature of the grievance. Where the wrong results from a breach of a promise, the claim is ex contractu. However, if the wrong springs from a breach of a duty either growing out of the relationship of the parties, or imposed by law, the claim is ex delicto.”
In the case now before us, the claim asserted by the Alabama Insurance Guaranty Association (“the AIGA”) is not based on a promise; consequently, it is not a contract claim. See Jefferson County v. Reach. Because the AIGA’s claim is not in contract, it is, in my opinion, governed by the two-year statute of limitations contained in § 6-2-38(l), Ala.Code 1975. Section 6-2-38(l) provides:
“(O All actions for any injury to the person or rights of another not arising from, contract and not specifically enumerated in this section must be brought within two years.”
(Emphasis added.)
For its conclusion that the six-year statute of limitations contained in § 6-2-34(5), Ala.Code 1975,[7] applies, the main opinion relies on a line of cases addressing claims by government employees seeking to recover unpaid money their government employers owed them by law, i.e., City of Anniston v. Douglas, 250 Ala. 367, 34 So.2d 467 (1948), City of Anniston v. Dempsey, 253 Ala. 597, 45 So.2d 773 (1950), and State Highway Dep’t v. Oglesby, 530 So.2d 846 (Ala.Civ.App.1988). Those cases are plainly distinguishable from the case now before us — the AIGA is not a government employee seeking to recover unpaid money its government employer owes it by law. Accordingly, I would hold that, because the AIGA’s claim is not based on a promise, it is governed by the two-year statute of limitations contained in § 6-2-38(Z).
I also conclude that the trial court did not err in denying an award of attorney fees to the AIGA. Section 27-42-11(h), Ala. Code 1975, provides that the trial court “may award to the [AIGA] attorney’s fees and costs.” (Emphasis added.) “ ‘An award of attorney fees, where permissible, is a matter within the discretion of the trial court and will not be reversed on appeal absent a showing that the trial court abused its discretion.’ ” Feil v. Wittern Group, Inc., 784 So.2d 302, 315 (Ala.Civ.App.2000) (quoting ISS Int’l Serv. Sys., Inc. v. Alabama Motor Express, Inc., 686 So.2d 1184, 1189 (Ala.Civ.App.1996)). I see no indication that the trial court exceeded its discretion by not awarding attorney fees to the AIGA.
*94 Accordingly, I would affirm the judgment of the trial court in its entirety. Therefore, I respectfully dissent.

. Section 6-2-34(5) provides:
"The following must be commenced within six years:
[[Image here]]
"(5) Actions for the recovery of money upon a loan, upon a stated or liquidated account or for arrears of rent due upon a parol demise.”